Hardaway v. Semmes.

---

# HARDAWAY vs. SEMMES.

[BILL IN EQUITY FOR FORECLOSURE OF MORTGAGE AND INJUNCTION OF ATTACHMENT CREDITORS.]

1. *Registration of mortgage; respective liens of mortgage and attachment.* The statute which declares mortgages of personal property inoperative, as against creditors and purchasers without notice, until recorded, (Code, § 1291,) applies to a mortgage executed in another State, between parties who are non-residents of this State, if the property has

42

Hardaway v. Semmes.

a fixed *situs* here at the time; and if an attachment is levied on the property before the mortgage is left in the proper office for registration, its lien is superior to that of the mortgage.

APPEAL from the Chancery Court of Russell.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 10th November, 1857, by Paul J. Semmes, against Robert S. Hardaway, John McKay, Ann C. Cook, and Edward T. Taylor; asking the foreclosure of a mortgage on a slave, which was executed by said Edward T. Taylor to the complainant, and an injunction against the other defendants, who had levied attachments on the slave as the property of said Taylor. The mortgage was dated the —— day of September, 1856; was executed in Muscogee county, Georgia, where both Semmes and Taylor then resided; and was filed for registration, in the office of the probate judge of Russell county, Alabama, on the 11th December, 1856. The bill alleged, that the slave was in Muscogee county, Georgia, at the time the mortgage was executed, and was carried into Russell county, Alabama, some time in November, 1856; but the defendant Hardaway insisted in his answer, that the slave was in Russell county at the date of the mortgage, and so continued up to the levy of his attachment, which was on the 22d November, 1856. Hardaway demurred to the bill, for want of equity, and, in his answer, insisted on the priority of the lien of his attachment over the mortgage. Decrees *pro confesso* were entered against the other defendants. The slave was sold, by consent, under an order of court; and the proceeds of the sale were brought into court. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, and ordered the money to be paid over to him, holding the lien of his mortgage superior to that of the attachment. From this decree Hardaway appeals, and assigns the same as error.

WM. P. CHILTON, for appellant.
CLOPTON & LIGON, *contra.*

A. J. WALKER, C. J.—Mortgages of personal property are by statute inoperative "against creditors and purchasers without notice," until they are recorded; unless the property is brought into this State subject to the incumbrance, and then four months are allowed for its registration.—Code, § 1291. If the property conveyed has a fixed *situs* within the State at the date of the conveyance, the mortgage falls within the influence of the law, although one or both of the parties may reside in another State. The language of the statute is broad enough to comprehend a mortgage of personalty within the State, the parties being non-residents, and it is not distinguishable as to the policy of its registration from mortgages between residents. There is, therefore, no reason for excepting the mortgage in this case from the operation of the statute, on account of the non-residence of the parties. The testimony clearly proves, that the slave in controversy had a fixed *situs* in this State at the date of the mortgage, and had had for some months before. The mortgage was, therefore, inoperative as to that slave against creditors and purchasers without notice, until it was registered.

The statute, in declaring a mortgage inoperative against creditors until it is registered, dates its effective existence as to them from the registration. A creditor, acquiring a lien before that time, has a claim superior to that of the mortgage, and against him the mortgage has had, in the estimation of the law, no existence. Such is not only the clear import of the law, but this court has fully settled that as the effect of a statute involving a kindred question.—*Gordon v. Mead*, 12 Ala. 247; *Wallis v. Rhea & Ross*, 10 Ala. 451; *De Vendell v. Hamilton*, 27 *ib.* 156; *Pollard v. Cocke*, 19 *ib.* 188; *Ohio Life Ins. & Trust Co. v. Ledyard*, 8 *ib.* 866; *Daniells v. Sorrelles*, 9 *ib.* 436.

The word "creditors" is not to be taken with a qualification, and understood to mean "judgment creditors." The decision that the phrase, "*bona-fide* creditors," occurring in the redemption statute, means judgment creditors,

is grounded upon reasoning altogether foreign to the question here.—*Thomason v. Scales*, 12 Ala. 309.

We regard the evidence as sufficiently establishing the correctness and consideration of at least one of the debts, for which the defendant attached the mortgaged slave. That debt is more than sufficient to cover the entire value of the slave, or the proceeds of his sale. It is, therefore, unnecessary to discuss the question as to the proof of any other debt.

The defendant's attachment, having been levied upon the slave before the mortgage was delivered to the probate judge in this State for registration, is entitled to a priority of satisfaction over the mortgage.

The points decided being conclusive of this case, we need not consider any of the other questions argued by counsel.

The decree of the chancellor is reversed, and a decree must be here rendered dismissing the bill; and the complainant must pay the costs, both of this court, and the court below.