# Pollak *v.* Davidson.

*Trover between Mortgagees, for Conversion of Mules.*

87　551
99　192

1. *Charge to jury unsupported by evidence.*—A charge to the jury which, though it asserts a correct legal proposition, is not supported by any evidence in the case, should not be given, because it tends to mislead the jury; but the giving of such a charge is not a reversible error, unless it is apparent that the jury were thereby misled, to the prejudice of the appellant, since he could protect himself by asking explanatory or qualifying charges.

2. *Registration of mortgage as constructive notice; removal of property to another county.*—A mortgage of personal property is required to be recorded, not only in the county in which the mortgagor resides, but also in the county in which the property then is; and on its removal to another county, the mortgage must be there recorded within six months afterwards (Code, §§ 1806, 1814); and the fact that the mortgaged animals (mules) are carried over and worked in the former county by day, but carried back each night into the new county, does not dispense with the necessity for such new registration.

[Pollak v. Davidson.]

3. *Constructive notice of mortgage, as implied from knowledge of indebtedness, character of business, &c.*—Knowledge of the existence of a debt, is not constructive notice of an unrecorded mortgage given to secure it; nor can notice of such unrecorded mortgage be implied from the additional facts, that the mortgagee was a merchant making advances to planters, and that his house of business was not more than one hundred and fifty yards distant from that of the second mortgagee; nor are these facts sufficient to put the second mortgagee on inquiry.

4. *Charge referring question of law to jury.*—A charge should not be given which refers to the jury the decision of a question at law; as, what diligence in making inquiry the law requires of a purchaser.

5. *Damages for conversion by mortgagee, on return of property to mortgagor.*—In trover by the first, against a second mortgagee of personal property, the material question being whether the defendant was chargeable with notice, actual or constructive, of plaintiff's prior mortgage, the fact that the defendant, at the termination of a lawsuit with the mortgagor, sold and returned to him a part of the mortgaged property, does not relieve him of damages for its conversion, if otherwise he was guilty of a conversion.

6. *Failure of party to testify, as evidence against him.*—In an action by the first, against the second mortgagee, for a conversion of the mortgaged property, the failure of the defendant to testify in his own behalf, that he had no notice of the plaintiff's prior unrecorded mortgage, is not a circumstance from which an unfavorable presumption against him is to be indulged, when the record shows that he was absent from the State at the time of the trial, and that the plaintiff's evidence did not make out against him a *prima facie* showing of notice.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by J. & T. Davidson suing as partners, and revived in the name of T. Davidson as surviving partner, against I. Pollak, doing business under the name of Pollak & Co., to recover damages for the alleged conversion of seventeen mules; and was commenced on the 21st November, 1887. The plaintiffs claimed the mules under a mortgage executed to them by A. J. Simmons and others, which was dated in January, 1885, to secure a debt for advances to make a crop; and in which the mules were described as being "on Taylor place in Bullock county, and the Charles & Hood place, Montgomery county." The mortgage was duly recorded in Montgomery county, but not in Bullock county. The defendant also claimed the mules under a mortgage executed to him by said Simmons, which was dated December 15th, 1886; and he had obtained possession by legal proceedings instituted against Simmons after the law-day of the mortgage. The only matters here assigned as error are, two charges given by the court below at the instance of the plaintiff, and the refusal of fifteen charges asked by the defendant. The substance of these charges,

[Pollak v. Davidson.]

and the material facts bearing on them, are stated in the opinion.

TOMPKINS, LONDON & TROY, and RICE & WILEY, for appellant.

E. P. MORRISSETT, and WATTS & SON, *contra.*

CLOPTON, J.—Both parties deduce title to the mules, for the conversion of which appellee sues, from successive mortgages executed by a common mortgagor; the first about January 13, 1885, to J. & T. Davidson, of which firm appellee is the surviving partner; and the other December 15, 1886, to Pollak & Co., of which appellant is the sole member. No question arises as to the claim of defendant to protection as a *bona fide* purchaser for a valuable consideration, if he took his mortgage without notice of the prior mortgage. The contestation between the parties is, which mortgage has the superior lien; and notice is the pivotal question.

So far as shown by the record, plaintiff asked only two charges, both in relation to implied notice. The first is, substantially, that whatever is sufficient to put a party upon inquiry, is sufficient to charge him with notice, and whenever a person making a purchase, or taking a mortgage, has such information as would put a prudent man on inquiry, and inquiry would lead to knowledge of an adverse prior claim, it is his own folly if he does not act on the information, and make inquiry; and he can claim no protection against a prior mortgage, or other incumbrance, of which he would have been informed if diligent inquiry had been made. The correctness of the legal proposition of the charge is not controverted; but it is specially objected, that there is no evidence on which to predicate it. If the objection be well founded, the charge should have been refused. The court should carefully avoid giving instructions unsupported by any evidence, their tendency being to mislead the jury, and withdraw their consideration from the material and real issues. But, having been given, it does not authorize a reversal, unless it is apparent that the jury were mislead to the prejudice of appellant. We have substantially stated the charge at length, for the purpose of considering, in connection with it, qualifying instructions asked by defendant, based on the want of evidence tending to prove the fundamental hypothetical fact stated therein—information such as would put a prudent man on inquiry.

The qualifying charges are: *First,* that the only evidence of any notice to the defendant, of plaintiffs' mortgage, is the evidence of the mortgagor; and unless the jury are satisfied from all the evidence that the mortgagor did give the counsel of defendant such notice, they must find that defendant had no such notice; *second,* that under the facts of this case, the jury can not find for plaintiff, unless they are satisfied from the evidence that defendant, or his attorney, at the time of the execution of the mortgage, had actual notice of plaintiff's mortgage, and the burden of showing that defendant had notice is on plaintiff. The effect of the first charge is to call on the court to say there is no evidence that defendant had information or notice of any facts sufficient to put him on inquiry, as supposed in the foregoing charge given at the instance of the plaintiff, and no evidence of actual or constructive notice, other than that of the mortgagor, that he gave information of the prior mortgage to the attorney of defendant; and thus to narrow the inquiry to this question of fact, as to which the evidence was conflicting. The proposition of the second charge is, that, there being a want of evidence of constructive or implied notice, actual notice to defendant, or to his attorney, is essential to plaintiff's recovery. Whether or not the qualifying instructions should have been given, depends on the state of the proof, as shown by the record, and the tendencies of the evidence.

It is contended by appellee, in the first place, that there was constructive notice by the registration of the mortgage. All the mules, except three, were, at the date of the conveyance under which plaintiff claims, in the county of Bullock. The three excepted were at that·time in Montgomery county, but, about the first of 1886, were removed to Bullock county, where all the mules remained and were at the time of the execution of defendant's mortgage. The mortgage to J. & T. Davidson was recorded only in Montgomery county. By the statutes, conveyances of personal property to secure debts must be recorded, both in the county in which the grantor resides, and in the county where the property is at the date of the conveyance; and if removed to another county, it must be recorded, within six months from such removal, in the county to which the property is removed. As against creditors and purchasers without notice, such conveyances take effect from the date of registration; and when the property is removed to a different county from that in which the grantor resides, they cease to have effect

[Pollak v. Davidson.]

thereafter, unless recorded in such county within six months from the removal. The fact that the mules, originally in Bullock county, were sometimes brought during the day to work on a plantation in Montgomery county, and carried back at night, where they were kept all the time, did not operate to change the *situs* of the property as it was at the date of the conveyance. In order that registration may operate as constructive notice, it must be made in substantial conformity to the statutory requirements. The omission to have the mortgage recorded in Bullock county destroys the effect of its registration in Montgomery county, as constructive notice.—Code, 1886, §§1806, 1814; *Sanders v. Knox*, 57 Ala. 80; *Hardaway v. Semmes*, 38 Ala. 657.

The only witness examined in reference to actual notice is the mortgagor, introduced by plaintiff, who testified, that he had no recollection of ever having told defendant at any time about plaintiff's mortgage, and that his transactions touching the execution of defendant's mortgage were with his attorney. It will not be seriously contended, that any inference of actual notice to defendant *himself* can be drawn from this evidence. This was the entire evidence relating to this matter, except the evidence of the mortgagor, that on the day on which the mortgage was signed, and before it was signed, he informed the attorney, who represented the defendant, that "the Davidsons" had a mortgage on the property. This was denied by the attorney, who further testified that he had no knowledge of it until the commencement of legal proceedings by defendant against the mortgagor for the recovery of the property. By the qualifying charges, this disputed question of fact was properly referred to the jury. The only fact of which there is evidence tending to show that defendant was informed, is the indebtedness of the mortgagor to J. & T. Davidson. Upon this information, and the additional fact that they were merchants advancing to farmers, and doing business about one hundred and fifty yards from defendant's place of business, plaintiff claims that implied notice may be inferred. It can not be insisted that the proximity of their places of business is a fact sufficient to put defendant on inquiry as to the prior mortgage. The insufficiency, for this purpose, of knowledge of the indebtedness of the mortgagor, was expressly decided in *Bell v. Tyson*, 74 Ala. 353, where it is said: "We are aware of no rule of law which makes notice of the existence of a debt to be constructive notice of a secret lien created by an unrecorded mortgage by which such debt is secured."

Whether or not there be evidence is a question for the court; its sufficiency is a question for the jury. When there is a want of evidence to prove a fact material to plaintiff's recovery, the court should, on request of defendant, instruct the jury there is no evidence of such fact.—*Tyree v. Lyon*, 67 Ala. 1. On the uncontradicted evidence, the court would have been authorized, in the absence of evidence of notice to the counsel, to instruct the jury to find the issue as to notice in favor of the defendant. As the record fails to disclose any evidence tending to show information of facts sufficient to put defendant on inquiry, or constructive or actual notice, other than through his counsel, the court should have instructed the jury that defendant was a *bona fide* purchaser without notice, unless they were satisfied the mortgagor informed his counsel of the prior mortgage. The qualifying charges requested by defendant should have been given. Such charges are the only means by which a party may protect himself against the misleading tendencies and prejudicial effects of a charge unsupported by any evidence.

The second charge asked by plaintiff is to the following effect: If defendant had no notice of the prior mortgage, and his want of notice was the result of that want of diligence which the law required for its ascertainment; then he is chargeable with notice, and can claim no protection against the prior mortgage. The charges requested by defendant, which we have above considered, were also intended to qualify this instruction, and the foregoing observations apply. It may be further remarked, that the charge is obnoxious to the objection, that it refers to the jury a question of law— what diligence in making inquiry the law requires of a purchaser.—*Drake v. State*, 60 Ala. 62; *Riley v. Riley*, 36 Ala. 496; *Thomason v. Odum*, 31 Ala. 108.

It appears that the mules in controversy were seized under a writ of detinue, brought by the defendant against the mortgagor. They were taken possession of by the agent of defendant, and kept on the plantation upon which they were when seized, until shortly before the commencement of this suit, when they were removed to another plantation in a different county. On a settlement of the litigation, the mortgagor, after the commencement of this suit, purchased from the defendant six of the mules, which he has in possession. On these facts, defendant asked the court to charge the jury, that he was not liable for the mules returned to the mortgagor. If defendant had committed a previous con-

version, on which this action is founded, his sale and return
of the mules, after the commencement of suit, does not re-
lieve the conversion of its tortiousness.

In the argument of the cause before the jury, counsel for
plaintiff contended that they had the right to infer, from the
failure of the defendant to testify, that if examined he would
testify that he had notice of the prior mortgage.   To meet
this, defendant requested the court to instruct the jury, that
the fact that defendant had not been examined as a witness,
is no evidence that he had any notice of the prior mortgage.
The rule in such case is thus stated by Mr. Wharton: "The
refusal of the party, under any circumstances, to testify as
to any facts with which he is familiar, must lead to the pre-
sumption which ordinarily holds against a party who with-
holds explanatory evidence in his favor."—1 Whart. Ev.
§ 486.   To bring a party within the operation of such an
unfavorable presumption, he must occupy a position analo-
gous to that of a party who withholds clearer and more sat-
isfactory evidence of the matter in dispute, which is in his
power to produce, than that which is offered.   The facts, to
which the witnesses on the part of the adverse party have
testified, must be apparently, or presumably, within his
knowledge.   When the evidence is conflicting, or circum-
stantial, and it appears to be in the power of a party to con-
tradict or explain, a presumption can and should be indulged
against him, if he should fail to testify without satisfactory
reason.   In *McGar v. Adams*, 65 Ala. 106, after declining
to decide whether an unfavorable presumption should be
indulged under the circumstances last stated, the court said:
"But we do affirm that a presumption can not, and ought
not, to be indulged against a party who does not introduce
and examine himself as a witness, merely to support the un-
contradicted evidence, favorable to him, which his adversary
introduces."   Neither should such presumption be indulged
against defendant for not introducing himself to disprove
facts essential to plaintiff's recovery, which he has failed to
*prima facie* establish.   He may remain silent, until plaintiff
has shown a case which calls upon him to speak in denial or
explanation.

At the time of the execution of the mortgage, the mort-
gagor and the counsel of defendant only were present.   The
defendant had no knowledge of what then and there
occurred, and could neither contradict nor explain the testi-
mony of the mortgagor.   The utmost to which he could have

[Chambers v. Seay.]

testified would have been, that his counsel never communicated to him that he had been informed of the prior mortgage. The attorney having testified that he was not so informed, and had no knowledge of it, it is not presumable that he made such communication to defendant; and it may well be doubted whether such negative testimony would be admissible in mere corroboration of the attorney's testimony. Under the circumstances, no unfavorable presumption should have been indulged against the defendant, especially when it was shown that he had been, several days prior, and was at the time of the trial, in New York.—*Perkins v. Hitchcock*, 49 Me. 468.

We have examined all the assignments of error pressed in the argument. Several other charges were asked by defendant, as to which, without considering them specially, we remark, that they are either misleading, or suppose facts as a part of the hypothesis of which there is no evidence, or are argumentative, or invade the province of the jury.

For the errors mentioned, the judgment is reversed, and the cause remanded.