# Malone & Collins *v.* Bedsole.

### *Statutory Detinue for Mule.*

1. *Removal of mortgaged property to another county.*—When a mortgage of personal property has been duly recorded in the proper county (Code, §§ 1806, 1814), the registration operates as constructive notice, notwithstanding the removal of the property to another

county, until the lapse of six months after the removal; and a purchaser before the expiration of the six months acquires no title as against the mortgagee or his assignee, although the mortgage is never recorded in the latter county.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by Travis Bedsole against Malone & Collins, to recover a mule, which the plaintiff claimed under a purchase in August, 1888, from one C. C. Russell, and which the defendants claimed as the assignees of a mortgage executed by said C. C. Russell to William Russell in March, 1888. The mortgage was executed in Geneva county, where the mortgagor resided, and was there duly recorded; but it was never recorded in Coffee county, where the plaintiff obtained it by purchase from the mortgagor, in exchange for two horses; and having surrendered it to the defendants, on their demand, he brought this action to recover it on the 2d July, 1889. The plaintiff had a verdict and judgment, under the charge of the court to the jury; and this charge is now assigned as error, with the refusal of several charges asked by defendants.

W. D. ROBERTS, for appellants, cited *Wilkinson v. King*, 81 Ala. 156; *Chadwick v. Carson*, 78 Ala. 116.

J. E. P. FLOURNOY, *contra*.

CLOPTON, J.—On March 19, 1888, C. C. Russell executed to William Russell a mortgage on the mule in controversy. At the date of the mortgage, the mortgagor resided in Geneva county, where the mule was also, in which county the mortgage was recorded within three days after its execution. About August 1, 1888, the mortgagor rode the mule to plaintiff's mill in Coffee county, carrying corn to be ground; and while at the mill, he and plaintiff made an exchange, plaintiff giving him two horses for the mule. Plaintiff kept possession of the mule in Coffee county for eight months before he had notice of the mortgage, which was never recorded in that county. It was assigned by the mortgagee to defendants in May, 1889. Plaintiff surrendered the mule to defendants on their demand, and now brings this action to recover it. The court instructed the jury, if plaintiff purchased the mule in Coffee county, for a valuable consideration, without actual notice of the mortgage, or of such facts as, if followed, would have led to a knowledge of its existence, and kept the mule in that county for more than six months without such notice, and the mortgage was not recorded in that county within that time, he is entitled to recover.

[Malone & Collins v. Bedsole.]

The priority of right depends upon the construction of sections 1806 and 1814 of the Code. The first provides : "Conveyances of personal property to secure debts, or to provide indemnity, must be recorded in the county in which the grantor resides, and also in the county where the property is at the date of the conveyance; .and if, before the lien is satisfied, the property is removed to another county, the conveyance must be again recorded within six months from such removal, in the county to which it is removed." The second section, after providing that such conveyances of personal property are inoperative against creditors and purchasers without notice, declares : "And if such property is removed to a different county from that in which the grantor resides, the conveyance must be recorded in such county within six months from the removal, or it ceases to have effect after such six months against creditors and purchasers of the grantor without notice."

A conveyance of personal property to secure debts being, under the statute, inoperative against creditors and purchasers without notice until recorded, as to them its existence begins with its registration. Hence, a purchaser without notice before it is recorded acquires a title superior to that of the mortgagee.—*Hardaway v. Semmes*, 38 Ala. 657. When the property is removed to another county after the first registration, the language is changed. Proceeding on the principle, that the mortgage is operative when recorded in the county where the mortgagor resides, the statute declares, in case of its removal to another county, that, unless it is recorded in such county within six months after removal, "it ceases to have effect after such six months against creditors or purchasers of the grantor without notice." The mortgage, under which defendants derive title, had effective existence as to creditors and purchasers from its registration in Geneva county, which continued until removed to another county, and a failure to record it in such county within six months thereafter.

The statute which now constitutes section 1817 of the Code, providing that all loans in writing, or conveyances of personal property in which the use is separated from the right, under which possession is suffered to remain for three years with the party entitled to the use, vest an absolute estate in the person having possession for such number of years as to creditors and purchasers, unless such loan or conveyance is recorded within such time in the county where the property is, came before this court for construction in *Brainard v. McDevitt*, 21 Ala. 119. In that case, it was held, that a purchaser from the person having possession, before the three years were complete, acquired no title. The court said : "We think it clear, that

[Malone & Collins v. Bedsole.]

to give title to a purchaser under this section of the act, the three years contemplated by it must be complete at the date of his purchase. If the three years were not then complete, no title at the date of the purchase could pass to the purchaser; he could not then say that his vendor had had possession during the time required to give him title ; and if he obtained no title at the date of his purchase, his subsequent possession could give him none." The same statute received a similar construction as to creditors in *Carew v. Love*, 30 Ala. 577; where it was held, that to entitle a creditor of the loanee to divest the title of the lender by a sale under legal process against the loanee, it is essential that the credit be given, or the liability contracted, after the completion of three years from the commencement of the loan. The principles on which this construction rests, are applicable to the statutes under consideration.

The registration of the mortgage in Geneva county had effect as notice, continuing after the removal of the property into Coffee county, until it had remained in such county for six months. At the time of his purchase, plaintiff had constructive notice of the mortgage, which as effectually preserved its superiority of lien as actual notice. The mortgagee had done, at that time, all that the statute required to be done in order that the registration should operate as notice. Plaintiff, having purchased before the expiration of the six months, acquired a right subordinate to the title and claim of the mortgagee— the mortgagor's equity of redemption—and his subsequent possession in Coffee county, for more than six months, could not give him a superior title. The terms of the statute, that the mortgage shall cease to have effect "*after such six months*" as to creditors and purchasers, import an intent and purpose to protect purchasers only who acquire title after the expiration of the time when the mortgage ceases to have effect.

It being evident that plaintiff is not entitled to recover on the undisputed facts, it is unnecessary to consider the other rulings of the court.

Reversed and remanded.