# Davis & Company *v*. Thomas.

## *Detinue.*

(Decided Feb. 15, 1908. 45 South. 897.)

1. *Statutes; Construction; Legislative Intent.*—In construing a statute the courts cannot be governed uniformly by the literal expression of the statute, but must look to the legislative intent.

2. *Chattel Mortgages; Recording; Place; Statutory Provision.*—Under section 999, Code 1896, the recording of a chattel mortgage in the county of the residence of the mortgagor is sufficient, although the mortgage was executed in another county on property temporarily within the county at the time, but which was ordinarily and usually kept in the county of the residence of the mortgagor.

3. *Appeal; Record; Sufficiency.*—Where the record fails to disclose a matter complained of as error, such error cannot be considered on appeal.

APPEAL from Dale Circuit Court.

Heard before Hon. A. A. EVANS.

Detinue by J. H. Davis & Co. against F. A. Thomas. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

M. SOLLIE, and O. C. DOSTER, JR., for appellant. Mortgages on personalty must be recorded in the county in which the grantor resides, and also in the county where

the property is at the date of the conveyance.—Section 999, Code 1896 and citation. After plea by the defendant, the suit properly proceeds in the name of the plaintiff partnership and not in the name of the members of the firm.—122 Ala. 264; 87 Ala. 263; 60 Ala. 269; 44 Ala. 584. Defendant having purchased the horse before the expiration of the time allowed for the mortgage to be recorded in Dale County, it becomes immaterial whether it was recorded later.—*Malone, et al. v. Bledsoe,* 93 Ala. 41.

O. C. DOSTER, and J. E. ACKER, for appellee. The defendant was an innocent purchaser for value without notice.—*Graham v. Ligon,* 74 Ala. 432; *Berlin Mach. Wks. v. Furn. Co.,* 112 Ala. 488. It is necessary for it to be shown that the mortgage was registered as required by the Code.—Secs. 999 and 1009, Code 1896; *Pollack v. Davidson,* 87 Ala. 551.

DENSON, J.—This is an action of detinue to recover a horse. The plaintiff acquired title to the horse by virtue of a mortgage executed to him on the 9th day of February, 1905, at Enterprise in Coffee county, by one J. W. Knighten. The law day of the mortgage was October 1, 1905, and suit was commenced after that date. The evidence shows without conflict that at the time the mortgage was executed Knighten was not only domiciled at Coffee Springs, in Geneva county, but was a resident citizen of that county. It is further shown without conflict in the evidence that Knighten owned the horse and kept him in Coffee county; that on the occasion when the mortgage was executed he was at Enterprise, with his horse and buggy, whither he had driven, the day previous, from Coffee Springs—the horse being placed at a livery stable to be cared for; that on the day of the exe-

cution of the mortgage the plaintiff sold Knighten some live stock and a buggy on time, and to secure payment of the debt took the mortgage above described, covering the property sold, some land, and the horse in controversy. The mortgage was duly filed for record in the office of the judge of probate of Geneva county on February 11, 1905, but was not filed for record in any other county. After the mortgage was executed, and on the same day, Knighten returned to Coffee Springs, where he resided until some time in the following spring, when he removed to Pinckard, in Dale county, carrying with him the horse. The defendant purchased the horse from one Dowling, in Dale county, on the 24th day of April, 1905, paying value therefor, and without actual notice of the mortgage. He testified that he knew Knighten brought the horse to Pinckard, but did not know where he came from, nor "how he came by the horse." The evidence without conflict shows that there is a large amount yet due on the mortgage indebtedness, and that the horse was in defendant's possession when the suit was commenced. The value of the horse was also shown.

The defendant, having purchased the horse before the time allowed by the statute within which the mortgage might have been recorded in Dale county, cannot claim the benefit of the doctrine of innocent purchaser without notice, unless his contention that the mortgage should have been recorded also in Coffee county, to make it effective as constructive notice, can be maintained.—Code 1896, § 999; *Malone v. Bedsole*, 93 Ala. 41, 9 South. 520. Section 999 of the Code of 1896 reads as follows: "Conveyances of personal property to secure debts, or to provide indemnity, must be recorded in the county in which the grantor resides, and also in the county where the property is at the date of the conveyance; and if before the lien is satisfied the property is removed to an-

other county, the conveyance must be again recorded within three months from such removal, in the county to which it is removed." The construction of the statute contended for by the defendant is strict and literal, making the clause "and also in the county where the property is at the late of the conveyance," operative merely upon the fact that the property was for a day or so in Coffee county, irrespective of the situs of the property, and without regard to the further fact that the mortgagor returned with the property to Geneva county on the day the mortgage was executed and kept it there until he removed to Pinckard, in Dale county. It will not do to be governed uniformly by the literal expression of a statute; for by so doing we should many times wander entirely from the obvious intention of the Legislature. We cannot perceive that the Legislature intended, by this clause in the statute, that if A., who has his residence in one county and his horse located there, where he keeps him in his stable, should ride the horse into an adjoining county, to his market town, and execute a mortgage thereon to secure a debt, returning with the horse to his home, such mortgage, to be operative as constructive notice, should be recorded in the county where the property was when the mortgage was executed. Yet defendant's construction would require the mortgage to be there recorded. This construction of the statute is too narrow.

The case of *Pollak v. Davidson*, 87 Ala. 551, 6 South. 312, aptly illustrates the intention of the statute, and shows a state of facts requiring the mortgage to be recorded in the county where the property is when the mortgage is executed; and our conclusion is that on the undisputed facts in this case it was not necessary under the statute to record the mortgage in Coffee county in order that it should operate as constructive notice. This

conclusion leads to the further one that the circuit court erred in giving the general affirmative charge for the defendant, and in refusing that requested by the plaintiff.

The record does not disclose the fact, assumed in the first ground of the assignment of errors, that the court sustained demurrers to special pleas 2, 3, and 4. Consequently that ground for error is without foundation.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON, ANDERSON, and McCLELLAN, JJ., concur.