# Mutual Warehouse Co *v.* Hamilton.

*Trover and Case:*

(Decided Feb. 17, 1911. 55 South. 116.)

1. *Mortgages; Title Acquired.*—A mortgagee of an unplanted crop of cotton on leased premises acquires the legal title to the crops grown by the mortgagor thereon.

2. *Landlord and Tenant; Lien; Priority.*—The landlord has a lien on crops grown on the rented premises paramount to the lien of a mortgage, and when sued by the mortgagee can defeat a recovery in trover by showing a rightful possession either actual or constructive, under the lien; and so can one holding the crop defeat a recovery by connecting himself with the title of the landlord.

3. *Trover and Conversion.*—In trover by a mortgagee against a warehouse company having possession of a bale of cotton removed from rented premises by the tenant, where the warehouse company seeks to defend on the proposition that the landlord had a superior lien and that the cotton had been sold and applied to the lien, it was a question for the jury under the evidence in this case whether the landlord had ever acquired actual or constructive possession of the cotton sued for under her lien.

4. *Mortgages; Prior to Landlord's Lien; Waiver.*—The fact that the proceeds of the cotton was sent by another to the landlord, would not defeat the mortgagee's right to recover in trover against the warehouseman, unless it appears that the landlord had acquired actual or constructive possession of the property, and it had been turned over to some one under authority from the landlord, a question in this case to be determined by the jury.

[Mutual Warehouse Co. v. Hamilton.]

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by J. S. Hamilton against the Mutual Warehouse Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint contains two counts—one in trover; the other for failure to deliver the bale of cotton to the holder of the warehouse receipt. The general issue was pleaded. The facts seem to be that Charles Perry rented a piece of land from Mrs. Nickles and sublet a part to his wife, Mary Lou Perry. Mary Lou Perry executed a mortgage on her unplanted crops to J. S. Hamilton, and the bale of cotton here involved was a part of her crop. The bale was shipped to the Mutual Warehouse, of Montgomery, sending the bill of lading to A. Abraham, in the city of Montgomery. A. Abraham thereupon laid claim to the cotton, and instituted attachment proceedings to recover the cotton from the warehouse company, and while this suit was pending J. S. Hamilton made himself a party, gave bond, and obtained an order from the justice of the peace to the warehouse company to deliver the cotton to said Hamilton, and on presentation of the order the receipt for the bale of cotton was delivered to Hamilton. In the meantime, Mrs. Nickles notified the warehouse company and others of her claim as landlord. Later Mrs. Nickles instructed W. C. Mc-Guire to get the cotton from the warehouse and sell it, sending her the proceeds. The cotton was then sold by A. Abraham, and the proceeds, in New York exchange sent to Mrs. Nickles. Judgment was rendered against the warehouse company in favor of Hamilton, and on motion for new trial which was denied, this appeal is prosecuted by the warehouse people.

[Mutual Warehouse Co. v. Hamilton.]

GOODWYN & McINTYRE, for appellant. After stating the facts as appears counsel insist that the verdict should have been for the defendant warehouse company, and that the court erred in declining to grant the motion for new trial.—*Waite v. Corbin,* 109 Ala. 154; *Foxworth v. Brown Bros.,* 114 Ala. 299; *Dallas M. Co. v. Townes,* 162 Ala. 630; *W. Ry. of Ala. v. Mutch,* 97 Ala. 196.

ARRINGTON & HOUGHTON, for appellee. A defendant cannot set up a superior title in a third person without connecting himself with it, and defeat an action of trover.—*Keith v. Ham,* 89 Ala. 590; *Belser v. Youngblood,* 103 Ala. 545; *Dean v. Elyton L. Co.* 113 Ala. 276. The plaintiff served upon the agent of the landlord the affidavit authorized by section 4745, Code 1907, and the landlord took no steps to collect her rent out of the tenant in chief after the service of the affidavit, but endeavored rather to hold the crop of the sub-tenant. At common law there was no priority between the landlord and the sub-tenant, and no lien attached to the crop of the sub-tenant.—*Robinson v. Lehman,* 72 Ala. 401.

ANDERSON, J.—The plaintiff had the legal title to the bale of cotton, under his mortgage, if grown by the mortgagor, which the weight of evidence tended to establish. It is true that Mrs. Nickles, the landlord, had a lien on the cotton paramount to the mortgage, and if she was sued by the mortgagee she could defeat a recovery in trover by showing a rightful possesion, actual or constructive, of the cotton under her said lien; and so could the defendant defeat a recovery by connecting itself with Mrs. Nickles.

[Mutual Warehouse Co. v. Hamilton.]

It was a question for the jury, however, as to whether or not Mrs. Nickles ever had the passession of the bale of cotton, or whether or not it was turned over to Weil under authority from her, even if it be conceded that she had constructive possession. Mrs. Nickles served notice on the defendant to hold the cotton for her; but the evidence does not show that the defendant warehouse company ever held it for her, or did anything to clothe her with the possession. Nor does it conclusively appear that the bale of cotton was delivered to Weil under the authority of Mrs. Nickles. The witness McGuire says that Mrs. Nickles instructed him to get the cotton and sell it, and send her the proceeds; "that the cotton was turned over to Abraham," who sold it, and sent the proceeds to Mrs. Nickles; but he does not say that the defendant turned it over to Abraham or Weil under authority from him as the agent of the landlord. On the other hand, the defendant's deposition shows that it did not know whether the person to whom the delivery was made was acting as the agent of any one or that they were claiming under the landlord.

Nor would the fact that Abraham sent the proceeds to the landlord defeat the plaintiff's right to recover, unless she had previously acquired the possession of the property, actual or constructive, and it was turned over to some one under authority from her.—*Keith v. Ham,* 89 Ala. 590, 7 South, 234; *Belser v. Youngblood,* 103 Ala. 545, 15 South. 863. These questions being ones within the province of the jury, we cannot say that the verdict was contrary to the law or the evidence, and thus put the trial court in error for refusing a new trial.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.