(77 South. 242)

KINNEY BROS. v. COLE.　(6 Div. 85.)

(Court of Appeals of Alabama.　Nov. 27, 1917.)

CHATTEL MORTGAGES ☞87 — RECORDATION—STATUTE.

Where the mortgagor of a mule lived in Morgan county, while the barn, lot, and pasture in which the mule was kept was in Cullman county, and the mule was never kept in Morgan county, but at all times kept in Cullman county, except when the mortgagor had it in Morgan county for temporary use, Code 1907, § 3376, providing for the recordation of conveyances of personal property to secure debts in the county in which the grantor resides, and also in the county where the property is at the date of the conveyance, unless the property is immediately removed to the county of the mortgagor's residence, required the recording of the mortgage in both counties for it to constitute constructive notice.

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Action by C. L. Cole against Kinney Bros. From a judgment for plaintiff, defendants appeal. Judgment affirmed.

A. A. Griffith, of Cullman, for appellant. Sample & Kilpatrick, of Decatur, for appellee.

SAMFORD, J. The first count of the complaint was in detinue, and upon this count

judgment was had. Both parties claimed the mule in question, under mortgages executed by a common mortgagor. The Evans mortgage, under which plaintiff claims, was executed December 20, 1913, and duly recorded in Cullman county December 23, 1913. Defendant's mortgage was executed December 6, 1913, and duly recorded in Morgan county December 11, 1913. Partain, the mortgagor, lived on a place a part of which was in Morgan and a part in Cullman county. Partain lived, at the time of the execution of the mortgage and subsequent to that time, in Morgan county, while the barn, lot, and pasture in which the mule was kept was in Cullman county. The mortgage to the defendant was given to secure the difference in a mule trade, and, the mortgage under which the plaintiff claims was given to one C. M. Evans, and on August 14th following, at a time when there was a considerable amount advanced on the Evans mortgage, Partain delivered the mule to Evans, and received credit on the mortgage for $150, and Evans then sold the mule to plaintiff. The mule was never kept in Morgan county, but was at all times kept in Cullman county, except at such times as the mortgagor had it in Morgan county for temporary use. The sole question necessary to a decision of this case is as to the effect of the statute, which question was raised by a request of the defendant for the general charge, which was refused by the court.

Section 3376 provides for the recordation of conveyances of personal property to secure debts, in the county in which the grantor resides, and also in the county where the property is at the date of the conveyance, unless the property is immediately removed to the county of the grantor's residence, etc. Prior to the decision in the case of Davis & Co. v. Thomas, 154 Ala. 279, 45 South. 897, the clause "unless the property is removed immediately to the county of the grantor's residence" was not in the statute, and the statute was amended by the codifier of the Code of 1907, to remove all doubt that might have arisen by the suggestion of counsel in the Davis & Co. Case, supra, but it did not have the effect of fixing the situs of the property in the county of the residence of the mortgagor, as is contended for in this case. To our minds, the case of Pollack v. Davidson, 87 Ala. 551, 6 South. 312, is conclusive of the question here. The law required the recording of defendant's mortgage, both in Cullman and Morgan counties, in order for it to constitute constructive notice. This the defendant did not do, and hence was not entitled to the general charge. There was no question of actual notice in the case. The foregoing is decisive of the case, and hence we do not pass upon the various questions of practice raised by the record and insisted on by appellee.

There is no error in the record, and the judgment is affirmed.

Affirmed.