(81 South. 837)

HOWE v. SIMISON. (1 Div. 271.)

(Court of Appeals of Alabama. April 15, 1919.)

1. CHATTEL MORTGAGES &153 — PURCHASER FOR VALUE—RIGHTS OF HOLDER OF MORTGAGE—RECORDATION—NOTICE.

Holder of mortgage, to be protected as against purchaser for value, must show compliance, in all respects, with recordation statutes, or that purchaser had actual knowledge of his mortgage.

2. CHATTEL MORTGAGES &153—"RECORDED" —STATUTES.

Code 1907, § 3386, providing that "conveyances of personal property to secure debts, or to provide indemnity, are inoperative against creditors and purchasers, without notice, until recorded," means until recorded as required by statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Record.]

3. CHATTEL MORTGAGES &89—RECORDATION —REMOVAL OF GOODS — CONSTRUCTIVE NOTICE.

Under Code 1907, § 3376, requiring chattel mortgage to be recorded in county to which mortgaged property is removed within three months from removal, where property remained in county to which it was removed for five months without recording it therein, and was thereafter removed to a third county, and sold to purchaser for value and without actual notice within a month after removal, without recording it in third county, original recordation was insufficient constructive notice, having lost its effect in second county.

Bricken, J., dissenting.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action in detinue by W. B. Simison, Jr., against Charles Howe, for the recovery of personal property. The cause was tried by the court without a jury, and judgment rendered for plaintiff. From this judgment, defendant appeals. Reversed and rendered.

Palmer Pillans and William B. Taylor, both of Mobile, for appellant.

Rickarby & Austill, of Mobile, for appellee.

SAMFORD, J. The plaintiff sued to recover the possession of a houseboat, claiming title through a mortgage executed by one Harry McCauley, the original owner of the boat. This mortgage was executed on June 4, 1913, to one Woody May. At the time of its execution all of the parties and the property were located in Clarke county. The mortgage was duly recorded in Clarke county on June 19, 1913. After several assignments, this mortgage finally became the property of the plaintiff, and on October 21, 1916, was foreclosed in Clarke county, and the property described therein bought by the plaintiff. Some time prior to December 24, 1914, McCauley, the mortgagor, removed the houseboat from Clarke county to Mobile county, where it remained and was kept by him for at least five months. On May 23, 1915, he removed it to Baldwin county, and about one month thereafter, for a valuable consideration, and without other notice than the original recordation in Clarke county, sold and delivered it to the defendant. Upon this sale the defendant justifies his retention.

The controlling issue in this case is determined by a proper construction of section 3376 of the Code of 1907, which is as follows:

"3376. *Mortgages, etc., of Personal Property, Where Recorded.*—Conveyances of personal property to secure debts, or to provide indemnity, must be recorded in the county in which the grantor resides, and also in the county where the property is at the date of the conveyance, unless the property is immediately removed to the county of the grantor's residence; and if before the lien is satisfied the property is removed to another county, the conveyance must be again recorded within three months from such removal, in the county to which it is removed."

[1] It will be observed that the real question involved in a proper decision in this case is one of constructive notice. In order for the holder of a mortgage to be protected as against a purchaser for value, it must be shown that he has in all respects complied with the recordation statutes or that the purchaser had actual notice of his mortgage. The statutes providing for recordation being for the purpose of protecting the holder of the mortgage, and hence for the protection of those who become the purchasers of personal property, therefore section 3386 provides:

"Conveyances of personal property to secure debts, or to provide indemnity, are inoperative against creditors and purchasers without notice, until recorded. * * *"

[2] This evidently means until recorded as required by the statutes of this state. The statute applicable to the present case is section 3376, hereinabove quoted, and if the recordation of plaintiff's mortgage does not meet the requirements of section 3376, it is inoperative as against a purchaser for value and without actual notice. The mortgage was duly recorded in Clarke county, but the property was removed to Mobile county, where it remained for five months, during which time the mortgage was not recorded in Mobile county as required by the statute. The property was sold in Baldwin county, having been carried there from Mobile county, within a month after its removal from Mobile county. If the sale had taken place in Mobile county, there could have been no question as to defendant's title. Wilkinson v. King, 81 Ala. 156, 8 South. 189; Pollak v. Davidson, 87 Ala. 554, 6 South. 312; Malone v. Bedsole, 93 Ala. 43, 9 South. 520; Lynn v. Broyles Co., 3 Ala. App. 634, 57 South. 122.

[3] In all of these cases it has been declared, in effect, that the mortgage, when the property is in Mobile county, as against creditors and purchasers without notice, had ceased to have any effect. In view of the decisions hereinabove cited, coupled with the language of the statute itself, we are constrained to hold that the recordation of the mortgage in Clarke county, having lost its effect in Mobile county, was not restored by the removal of the property to Baldwin county in such sort as to become notice as to innocent purchasers for value.

It follows, therefore, that the court was in error in rendering judgment for the plaintiff, and also in failing to render judgment for the defendant. The judgment of the trial court is reversed, and a judgment will be here rendered for the defendant.

Reversed and rendered.

BRICKEN, J., dissents from the foregoing conclusions of law for the following reasons:

The vital and controlling point in this case concerns the construction of section 3376 of the Code of 1907, which section has been hereinabove set out. The language of this section of the Code is so clear and unambiguous that it is not necessary to resort to refinement of construction to ascertain its meaning. A recording of the mortgage in compliance with the first paragraph of this section is constructive notice to the world of the existence of the mortgage lien. The only limitation upon the extent of this notice is the exception plainly expressed in the last part of the foregoing section of the Code. In case the property is removed to another county, the conveyance must again be recorded in that county within three months from such removal. The situs of this boat, under the facts of this case, at the time of its purchase by the defendant, was in Baldwin county, where it had not been for three months. Under the foregoing section of the Code, the mortgagee, in order to enjoy the benefits incident to recording his mortgage in the county of Clarke, was under no obligation to record it in Baldwin county.

The purpose of the statute is to permit property to be removed into a county and allow the mortgagee three months in which to record his mortgage thereon. The fact that same may not be recorded during said time in a county does not invalidate the mortgage. It only withdraws it from the protection of the statute as to notice; but, under the very provisions of the statute under consideration, the owner of the mortgage had three months in which to record his mortgage in Baldwin county. That right is given by statute, and is not conditioned upon the mortgage having been recorded in all other counties in the state in which the property has been.

The keeping by McCauley of his boat in the county of Mobile for five months was an entirely immaterial circumstance in this case. Moreover, the issue raised here has been definitely settled by the Supreme Court. Wilkinson v. King, 81 Ala. 156, 8 South. 189.

The view that I take of the main contention in this cause renders a detailed consideration of the several assignments of error useless, and I am of the opinion that the lower court committed no error, and that the judgment should be affirmed.