(100 South. 633)

## GAY & BRUCE v. W. B. SMITH & SONS.
### (7 Div. 460.)

(Supreme Court of Alabama. May 29, 1924.)

**1. Chattel mortgages ⚹150(1)—Must be recorded in county of mortgagor's residence to constitute constructive notice in another county.**

Under Code 1907, § 3376, mortgage must have been recorded in county of mortgagor's residence to constitute constructive notice in another county.

**2. Chattel mortgages ⚹229(3)—Burden of showing recordation in county of mortgagor's residence on plaintiff mortgagee.**

Burden *held* on mortgage of cotton suing for conversion to show that mortgage was recorded in county of mortgagor's residence, so as to constitute constructive notice to purchasers in another county.

**3. Trial ⚹253(3)—Instructions ignoring issue as to proper recordation of mortgage of property involved, held properly refused.**

Instructions in mortgagee's action for conversion of cotton, ignoring issue as to whether plaintiff's mortgage was recorded in county of mortgagor's residence, so as to constitute notice in another county, *held* properly refused.

**4. Chattel mortgages ⚹159—Mortgagee of crop has legal title and is entitled to possession after crop gathered.**

Mortgagee of crop grown by tenant has legal title and is entitled to possession according to terms of mortgage after crop is gathered, when mortgage is given after January 1st of the year in which the crop is grown.

**5. Landlord and tenant ⚹328(2)—Tenant may not, without landlord's consent, remove crop subject to lien or defeat landlord's rights by mortgage.**

Tenant may not, without landlord's consent, remove crop on which landlord has lien from premises nor otherwise dispose of same, and cannot by mortgage pass any greater right than he has as against the landlord.

**6. Landlord and tenant ⚹328(2)—Landlord and tenant may apply crop to satisfaction of landlord's lien to detriment of mortgagee.**

A landlord and tenant may in good faith apply crop to satisfaction of landlord's lien, in a manner to cut off a mortgagee of a tenant; the landlord's lien being paramount by statute.

**7. Landlord and tenant ⚹328(3)—Consent to sale mere waiver of lien and to be valid against mortgagee must be on landlord's account.**

A landlord's mere consent to tenant's sale of crop is a mere waiver of his lien, and to render the sale valid as against a mortgagee, the sale must not only be made with the landlord's consent, but on his account and for the purpose of satisfying his lien.

**8. Chattel mortgages ⚹155—Purchaser of cotton with knowledge of mortgage takes no title which will defeat action by mortgagee.**

Purchaser of cotton from tenant, with actual or constructive notice of mortgage, takes no title which will defeat action of detinue or trover by mortgagee.

**9. Chattel mortgages ⚹229(3)—Evidence held admissible to show good title of defendant purchaser from mortgagor.**

In mortgagee's action for conversion of cotton sold by tenant mortgagor, evidence that landlord was liable on tenant's note given in payment for mules, that proceeds of cotton was to be applied to rents first and then to payment of note, *held* admissible to show lawful sale for benefit of landlord, giving good title to purchaser.

**10. Chattel mortgages ⚹229(1)—Instruction as to recording of mortgage and sale by mortgagor without landlord's consent held improperly denied.**

In mortgagee's action for trover and conversion of cotton sold by mortgagor, where evidence was in conflict as to whether mortgage was recorded in county of mortgagor's residence, instruction that if mortgage was executed after mortgagor moved into county in which it was recorded, and if the cotton was sold without consent of mortgagor's landlord, then verdict should be for plaintiff, *held* improperly refused.

Appeal from Circuit Court, Clay County; George F. Smoot, Judge.

Action in trover and detinue by S. J. Gay and J. S. Bruce, doing business as Gay & Bruce, against W. B. Smith and others, doing business as W. B. Smith & Sons. Judgment for defendants, and plaintiffs appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

These charges were refused to plaintiffs:

"1. The court charges the jury that if you are reasonably satisfied from the evidence that the mortgage was executed by H. C. Pitts to plaintiff after Pitts moved into Randolph county, and that the bale of cotton raised by Pitts and involved in this suit was sold without authority from the landlord, then your verdict will be for the plaintiff."

"2. The court charges the jury that if you are reasonably satisfied from the evidence that the landlord did not authorize H. C. Pitts, his tenant, to sell the bale of cotton, at or before the time of the sale to the defendants, your verdict should be for the plaintiffs."

"3. The court charges the jury that if you are reasonably satisfied from the evidence, after having considered all of it, that Claudie Fuller, the landlord, did not authorize the sale of the cotton, to defendants, and you are further satisfied from the evidence, after having considered all of it, that the indebtedness of the plaintiffs' mortgage had not been paid at the time of said purchase of said cotton, your verdict should be in favor of the plaintiffs for the damages which you find, from the evidence, plaintiffs sustained."

"B. The court charges the jury that if you are reasonably satisfied from the evidence that Claudie Fuller did not authorize H. C. Pitts to sell the bale of cotton involved in this suit then your verdict will be for the plaintiff for

the full amount for which the bale of cotton was sold less the amount paid the landlord for rents and advances."

E. P. Gay, of Ashland, and O. B. Cornelius, of Montgomery, for appellants.

Recording the chattel mortgage in the county of the mortgagor's residence operated as notice thereof. Kilgore v. Jones, 15 Ala. App. 472, 73 South. 832; Code 1907, § 3376. If the tenant sold the cotton without the consent of his landlord, defendants are liable to plaintiffs. Belser v. Youngblood & Sons, 103 Ala. 545, 15 South. 863; Keith & Sons v. Ham, 89 Ala. 590, 7 South. 234; Smith v. Hilton, 147 Ala. 642, 41 South. 747; Mutual W. H. Co. v. Hamilton, 171 Ala. 82, 55 South. 116.

Walter S. Smith, of Lineville, for appellees.

The landlord's lien is prior to all other liens. Code 1907, § 4734. If the cotton was sold with the landlord's authority or consent, defendants are not liable. Mutual W. H. Co. v. Hamilton, 171 Ala. 82, 55 South. 117.

BOULDIN, J. This is an action of trover for the conversion of a bale of cotton, brought by a mortgagee against a purchaser from the mortgagor. A count in detinue was added, but not litigated. One issue in the court below was the question of constructive notice to the purchaser by the record of the mortgage. The mortgage was recorded in Randolph county. The cotton was grown in that county, hauled over into Clay county, and there sold the same day. There was conflict in the evidence as to whether the mortgagor resided in Clay or Randolph at the time the mortgage was given and recorded.

[1] To operate as constructive notice in another county, the mortgage must have been recorded in the county of the mortgagor's residence. Code 1907, § 3376.

[2] Under the evidence this was an issue for the jury, and the burden of proof was on plaintiffs.

[3] Charges Nos. 2, 3, and B, refused to plaintiffs, ignored this feature of the case, and were properly refused.

The chief controversy arises as to the right of the mortgagor to sell the bale of cotton and pass a good title as against the mortgage.

The cotton was grown and mortgaged by a tenant. His landlord had a lien for one-fourth as rents, and a lien for advances by becoming surety for the tenant upon a note given for a pair of mules to make the crop.

Homer Pitts, the tenant, as a witness for the defendants, testified that the landlord consented for him to sell the cotton, pay the rent, and apply the balance on the mule note when due; that the landlord was present and helped load the cotton on the wagon when it was hauled off and sold. Claudie Fuller, the landlord, testified that he gave no such consent, did not help load the cotton, was not present, and had no knowledge that it was being sold at the time. Both agree that the rent was paid.

The trial court gave the following charge for defendants:

"If the jury is reasonably satisfied from the evidence in this case that Claudie Fuller ever by words or acts consented to Homer Pitts selling said bale of cotton, you must find a verdict in favor of the defendants, W. B. Smith & Sons."

This and other rulings bring under review the legal rights and duties of landlord, tenant, and mortgagee of crops.

[4] A mortgage on a crop given after January 1st of the year in which it is grown on lands then rented by a tenant, passes the legal title to the mortgagee. As against the tenant, he has the right of possession according to the terms of the mortgage after the crop is gathered.

[5] The landlord's lien for rent and advances is made paramount by statute. It is a law-created lien accompanied with restrictions upon the possession and control of the tenant. The tenant may not, without the landlord's consent, remove the crop from the premises, nor otherwise dispose of same, without subjecting his crops to attachment. He cannot by his mortgage pass any greater right than he has as against the landlord.

[6] In the very recent case of Gillespie v. Bartlett & Byers, 100 South. 858,[1] on consideration by the full court, the majority held that the tenant may turn over to his landlord so much of the crop as necessary to satisfy the lien for rent and advances, and vest the landlord with the title so as to defeat an action of detinue by the tenant's mortgagee. The effect is to hold that the landlord and tenant, by virtue of our landlord and tenant statutes, may apply the crop in good faith to the satisfaction of the lien, may do for themselves what the law would do for them, and so cut off the mortgage by the tenant. We reaffirm that ruling. Any other construction would render the tenant powerless to pay his landlord out of the crop, and subject his entire crop to the diminishing process of court proceedings for that purpose. In Belser v. Youngblood, 103 Ala. 545, 15 South. 863, it was held in trover that the tenant need not surrender to the landlord the actual possession of the crop, but if a portion is selected and set apart for payment of rents and advances, and the tenant by the direction of the landlord markets the same, and pays over the proceeds to the landlord, the purchaser takes a good title against the tenant's mortgage. The landlord is considered in constructive possession in such case, and the purchaser succeeds to his title. See, also, Mutual Warehouse Co.

v. Hamilton, 171 Ala. 82, 55 South. 116, Keith v. Ham, 89 Ala. 590, 7 South. 234.

[7] The charge before us declares that the purchaser from the tenant takes a good title as against the mortgage if the landlord "consented" to the sale. Mere consent of the landlord to a sale by the tenant, without more, is a mere waiver of the landlord's lien. It is simply released, and the tenant proceeds in his own right to sell it. Foxworth v. Brown Bros., 120 Ala. 59, 24 South. 1.

[8] Such a sale cannot affect the rights of the mortgagee. A purchaser, with actual or constructive notice of the mortgage, takes no title which will defeat an action of detinue or trover by the mortgagee.

The charge was entirely too broad. The sale must not only have been made by the consent of the landlord, but on his account, and for the purpose of satisfying the lien.

The evidence was in such conflict, and all the circumstances were such, that it became a question for the jury, whether the landlord by word or act consented to the sale in the sense of a mere waiver of his lien.

The giving of the above charge was error.

[9] The evidence for defendants tending to show the purchase of the mules, the note given therefor, that the landlord was bound thereon, that the balance of proceeds of this bale of cotton, after payment of rents, was to be held for payment on that note, was properly received. This was pertinent to show a lawful sale of the cotton for the benefit of the landlord, giving a good title to the purchaser.

[10] Plaintiffs' refused charge No. 1 should have been given.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

All the Justices concur.

SOMERVILLE, J., concurs in the result only.

