(122 So. 167)

### WELLS v. WRIGHT. (7 Div. 877.)

Supreme Court of Alabama. May 2, 1929.

262

John B. Isbell and C. A. Wolfes, of Ft. Payne, and Knox, Acker, Sterne & Liles, of Anniston, for appellant.

Chas. J. Scott, of Ft. Payne, for appellee.

THOMAS, J. The appellant, in Calhoun county, sold to one Brock the mechanical equipment for a moving picture show, and took a chattel mortgage or conditional sale contract thereon to secure the purchase price. The date of that contract was December 21, 1923, and its record date in De Kalb county is February 29, 1924, to which county the property was removed. The evidence shows that from the date of the execution of' the instrument to that of its shipment to Ft. Payne, the property therein described remained in Calhoun county. The witness said it "might have been two months" before Brock had claimant ship the same to De Kalb county, which was done.

The attaching landlord was not an innocent purchaser within the provisions of § 3394 of the Code of 1907, under which the several contracts were made by the parties, Isbell-Hallmark Furn. Co. v. Sitz, 217 Ala. 51, 114 So. 678; Id., 217 Ala. 4, 114 So. 677,

the provisions of the Code of 1923, § 6898, becoming effective August 17, 1924. The purpose of the amendment of § 3394, Code of 1907, as per section 6898 of the Code of 1923, was for the protection of landlords under section 8814 of the Code of 1923, against unknown and unrecorded conditional sales contracts. Brooks v. Dial, 214 Ala. 267, 107 So. 744; Brunswick-Balke-Collender Co. v. Starnes, 214 Ala. 263, 107 So. 743. However the contracts before us are to be governed by the statutes given expression in the Code of 1907.

In the recording statutes is section 3376 of the Code of 1907 (section 6867, Code of 1923), and it is held that before the holder of a mortgage lien is protected against purchasers and creditors, the provisions of the statute must be complied with. Wilkinson v. King, 81 Ala. 156, 8 So. 189; Gay v. Smith & Sons, 211 Ala. 358, 100 So. 633; Pollak v. Davidson, 87 Ala. 551, 6 So. 312; Malone & Collins v. Bedsole, 93 Ala. 41, 9 So. 520. The amendment of the former statute (unless the property is immediately removed to the county of the grantor's residence) was a mere conformance with the construction placed thereon by this court. Davis & Co. v. Thomas, 154 Ala. 279, 45 So. 897.

The evidence tends. to show that the property was owned by a resident of, and its situs was, Calhoun county; that Brock came to this county and purchased the property, executed the contract or conveyance in question, and had the ownership or possession of the property in said county for a month or two when he shipped to Ft. Payne. The law required the mortgage to be recorded in Calhoun county, unless the evidence shows that it "was immediately removed to the county of the grantor's residence." Not being recorded in Calhoun county destroys the effect of recording in the other county as to constructive notice. Pollak v. Davidson, 87 Ala. 551, 6 So. 312; Gay v. Smith & Son, 211 Ala. 358, 100 So. 633. See, also, Kinney Bros. v. Cole, 16 Ala. App. 246, 77 So. 242.

As to what was done by Brock with the property in Calhoun county while it remained there the record is silent. For aught that is shown by the record, Brock may have used or operated the same in Calhoun county, and the court cannot be put in error for denying this mortgage in evidence. The ruling is judged by the facts disclosed, it was not recorded in Calhoun county and not admissible as constructive notice. Jones v. State, 113 Ala. 95, 21 So. 229; Hill v. Rentz, 201 Ala. 527, 78 So. 881.

We find no error in the rulings of the trial court, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.