# Cambell v. Anderson.

## *Action of Trespass for Wrongful Levy.*

1. *Priority of mortgage over judgment against mortgagor.*—A mortgage to secure the payment of purchase money gives the mortgagee priority over a judgment creditor of the mortgagor.

2. *Justification of sheriff under legal process.*—Where, in a suit against a sheriff for wrongfully levying an execution on a mule which had been mortgaged by the defendant in execution to secure the purchase money to the vendor of the mule, who is the plaintiff in this suit against the sheriff, and which mortgage was duly recorded; the execution could furnish no justification to the sheriff for such wrongful levy.

3. *Evidence in mitigation of damages in action against sheriff for wrongful levy and sale.*—In an action against a sheriff for making a wrongful levy and sale, where the sheriff had levied upon and sold plaintiff's exempt property under an execution against another, and before the sale, but after the levy, another execution was issued against the plaintiff on a judgment rendered against him, without a waiver of exemptions, which came into the sheriff's hands, but was not levied; the defendant was not entitled, in mitigation of damages, to apply the amount realized from the execution sale to the execution against plaintiff, as the latter could have claimed the property as exempt had it been levied upon under the execution against him.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

Action of trespass by the appellee, James R. Anderson, against the appellant, C. C. Cambell, as sheriff, to recover damages for the alleged wrongful levy of an execution upon a mule, which was the property of the plaintiff, and was not the property of the person against whom the execution was issued. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at

the request of the plaintiff gave to the jury the following written charge: "If the jury believe the evidence, they must find for the plaintiff, and assess his damages at the value of the property at the time it was taken, and interest thereon down to the time of the trial." To the giving of this charge the defendant duly excepted.

There was judgment for the plaintiff, and defendant appeals, and assigns as error the giving of the charge requested by the plaintiff, and the rendition of judgment in favor of the plaintiff.

LUSK & BELL, for the appellant.—The act of the sheriff amounted to no more than a sale of the equity of redemption of the mortgagor, Joe Fleming, in the mule. —Code, Paragraph 2892; *Cotton v. Carlisle*, 85 Ala. 175; *Bingham v. Vandegraft*, 93 Ala. 283. The sheriff having an execution against Anderson, the plaintiff, who alleges that the property taken by the sheriff was his, it was no wrong as against Anderson, for the sheriff to sell the property, and the proceeds of the property so taken should be applied to the satisfaction of the judgment against Anderson.

If the defendant in fact had the execution against J. R. Anderson in his hands when he sold the property, then it is a complete justification to him, although he declared he sold the property for another purpose.—1 Freeman on Ex. 196; 2 Greenleaf on Ev., 14 Ed., Par. 629.

The sheriff may sell under junior writ, and apply the proceeds of sale to payment of senior writ.—1 Freeman on Ex., par. 196; *Jones v. Judkins*, 34 Amer. Dec. 392; *Rogers v. Dickey*, 41 Amer. Dec. 204; *Lancaster v. Jordan*, 78 Ala. 197.

The property of Anderson having been applied by an officer of the law to the satisfaction in part of an execution in his hands against the alleged owner of the property, the jury should have been permitted to consider this in mitigation of damages.—*Mitchell v. Corlin*, 91 Ala. 603; *Bute v. Cartwright*, 36 Ill. 518; *Street v. Sinclair*, 71 Ala. 110.

O. D. STREET, for the appellee.—The execution against Anderson constituted no protection against this suit. First, because it was not issued nor placed in the hands

of the sheriff until after the trespass complained of. Second, because the plea setting up this writ as a justification avers that the sale of the mule was made under this writ while the proof without conflict clearly shows the contrary.

The evidence clearly shows that the sheriff was not acting under this writ in any step that was taken by him. Third, because plaintiff at the time of said seizure and sale owned less than $1,000.00 worth of personal property and said judgment was not a waiver judgment.

The sale of the mule and the immediate execution of a mortgage back by Fleming precluded the interposition of any title or right in any other person superior to the mortgage.—*Lane v. Borland*, 31 Am. Dec. 33 ; *Lunt v. Whitaker*, 1 Farf. 310 ; *McRae v. Newman*, 58 Ala. 529, 535; *Boynton v. Sawyer*, 35 Ala. 500.

In the present case the property was incumbered by mortgage for the purchase price when it was acquired by Fleming, and Dean and Whaley's lien was therefore subject to plaintiff's mortgage.

The evidence shows that the seizure was made with the intention of subjecting the entire property and not merely the interest of the mortgagor to the satisfaction of the writ. This rendered the sheriff a trespasser *ab initio*.—Cooley on Torts, P. 316, 317 ; *McConeghy v. McCaw*, 31 Ala. 447.

Plaintiff had at the time of the levy the legal title, the possession, the right of possession and a superior lien. —*Gafford v. Stearnes*, 51 Ala. 434.

COLEMAN, J.—This was an action of trespass by the appellee, Anderson, against the sheriff for the wrongful levy upon and sale of a mule. The defendant Campbell, the sheriff, for a defense pleaded justification by virtue of certain executions in his hands. The facts show that Anderson on and prior to January 14th, 1893, was the owner of the mule ; that on that day he sold it on a credit to one Joe Fleming, securing the purchase price by a mortgage on the mule, which was executed at the time, and duly recorded. Prior to the 28th day of April the mortgagor, Fleming, sold the mule to a third party. The mortgagee becoming dissatisfied at the sale of the mule to the third party, by mutual arrangement with the mortgagor and the purchaser of the mule, he took

the mule back into his possession, and delivered up the mortgage to the mortgagor, thus rescinding the sales.

In October, 1892, Dean & Whaley had recovered a judgment with waiver of exemption against Joe Fleming, the mortgagor. On the 28th of April, 1893, an execution on this judgment came to the hands of the sheriff, which was levied upon the mule on the 2d day of May, while in the possession of Anderson. The mule was sold by virtue of this levy and execution on the 13th day of May, 1893. After the levy under the execution against Joe Fleming and advertisement of the sale, but before the day of sale, an execution came to the hands of the sheriff against Anderson, issued on a judgment recovered against him in the year 1885. This judgment did not contain a waiver of exemptions, and there was neither a sale nor a levy by virtue of the execution against the plaintiff Anderson. Both executions are pleaded in separate pleas. The statute does not create a judgment lien. It declares that "a *fieri facias* is a lien　*　*　* from the time the writ is received by the officer." There is no evidence to show that the officer received a writ of *fieri facias* on the judgment against Joe Fleming, the mortgagor, prior to the time of the sale of the mule by him to the third party, or prior to the return of the mule to Anderson and the cancellation of the mortgage debt. The mortgage to secure the payment of the purchase money gave the mortgagee a priority over that of the judgment creditor of the mortgagor. There was at no time, any interest in the mortgagor upon which a lien could attach except that of the equity of redemption. No lien having attached to the equity of redemption prior to the sale of the mule by the mortgagor, there was no interest in the judgment debtor when the *fieri facias* came to the hands of the sheriff to which a lien could attach. These facts are not controverted. The execution against Joe Fleming under which the sheriff levied and sold the mule, furnished no defense to the action.

It is not pretended that either the levy or sale was made by virtue of any execution held by the officer on the judgment against Anderson himself, or that prior to the levy, the sheriff had received the *fieri facias* against Anderson on the mule. Though pleaded as a defense, we do not understand from the argument of counsel for

[Echols *et al.* v. Peurrung Bros & Co.]

appellant that he claims justification against the action by virtue of the execution against Anderson. The contention is, that the court erred in not allowing in mitigation or reduction of damages the price realized at sheriff's sale of the mule, and which it is claimed should be credited on the execution against Anderson. Priority of claims of creditors to the money arising from the sale of the property of a common debtor often arises for adjudication, but how a judgment creditor of one debtor, is entitled to priority to the money arising from the sale of property sold as the property of a different person to satisfy the claim of another judgment creditor, is not so easily understood. We need not consider that question. The facts in this case show, that if the levy had been made upon the mule as the property of the plaintiff, under an execution against him, of which he had notice, issued upon a judgment, which did not contain a waiver of exemptions, that he could and would have put in a claim of exemptions. The defense made on this aspect of the case is, that it is permissible to sell one man's property under an execution against another, and after the sale, a judgment creditor of the owner of the property, who could not successfully enforce his own judgment directly against the property, may in this indirect manner, subject the proceeds realized from an unlawful sale.

We find no error in the record.

Affirmed.