# Mathis *v.* Thurman.

*Action in Detinue to Recover Certain Tools.*

1. *Loan of personal property; effect of three years possession as to purchasers or creditors.*—In order for a purchaser or creditor of one who is in possession of personal property, under a loan

not in writing, to obtain the benefit of the statute, which pro-
vides that as to such persons the borrower will be considered
the owner after three years (Code, Sec. 1013), it is necessary
that the purchase should be made or the debt contracted after
three years from the commencement of the loan, and the
statute does not apply where the purchase is made or the debt
contracted anterior to the making of the loan, or before the
expiration of three years from the date of the loan.

Appeal from the City Court of Talladega.

Tried before the Hon. G. K. Miller.

This was a suit in detinue, brought on the 21st day of
January, 1904, by the appellee, A. J. Thurman, against
the appellant, J. D. Mathis, for certain tools. The evi-
dence for the plaintiff on the trial showed that he pur-
chased the tools, involved in the suit, as the property of
one W. A. Bean, at a sale under an execution issued
upon a judgment rendered in favor of A. J. Thurman
against said W. A. Bean, June 18, 1902; that, after plain-
tiff purchased and paid for the tools, they were turned
over to him and remained in his possession until Jan-
uary, 1904, when the defendant, in his absence and with-
out his consent, went into plaintiff's shop and took pos-
session of the tools. The evidence for the defendant
showed that he purchased the tools in the year 1893,
while living in Montgomery county; that soon after he
purchased them he loaned them, or left them in the pos-
session of his son-in-law, W. A. Bean, the defendant in
judgment from whom the plaintiff in detinue suit claim-
ed title through execution and sale, and that the said
Bean had been in possession by consent ever since.

The case was tried by the court without the interven-
tion of a jury. Upon the introduction of all the evi-
dence, the court rendered judgment for the plaintiff for
the tools, or their alternate value, with damages for de-
tention. From this judgment the defendant appeals,
and assigns the rendition thereof as error.

D. H. Riddle, for appellant.

Knox, Dixon & Burr, *contra*.

[Mathis v. Thurman.]

ANDERSON, J.—The uncontradicted evidence of the defendant was that he bought the property in 1893, and still owns it, but that he turned it over to W. A. Bean, his son-in-law, and the defendant to the judgment under which plaintiff claims title as purchaser, and that the said Bean had been in possession by his consent ever since. While there was no proof of a technical loan, the proof brings the transaction within the terms of section 1013 of the Code of 1896, "Vesting the title in the person in possession under such a loan, as to purchasers and creditors of such person, after three years from the commencement of such loan," etc.—*Carr v. Lester,* 90 Ala. 349; *Meyers v. Peck,* 2 Ala. 648; *Gressett v. Agee,* 14 Ala. 354.

In order, however, for the plaintiff to have a title superior to that of the original owner, he must hold under a purchaser or a creditor who purchased the property, or gave credit to the person in possession, three years after the commencement of the loan, as said section does not apply to creditors anterior to the loan or the expiration of three years from the commencement thereof.— *Carew v. Love,* 30 Ala. 577; *Durden v. McWilliams,* 31 Ala. 206.

The burden is upon the party seeking the benefit of the statute to bring himself within its protection. While the judgment was had subsequent to the loan, there is nothing to indicate when the plaintiff therein became a creditor. It may have been before the loan, or prior to three years after the commencement thereof. We cannot assume when the debt was contracted.—*Ely v. Blacker,* 112 Ala. 311.

The assignments of error are without merit.

Reversed and remanded.

McClellan, C. J., Tyson and Simpson, J.J., concurring.