(85 South. 584)

ALFORD v. SINGER SEWING MACH. CO.
(7 Div. 609.)

(Court of Appeals of Alabama. Nov. 25, 1919.
Rehearing Denied Jan. 13, 1920.)

1. SALES ⬥⇒474(2) — PLAINTIFF IN ATTACH-MENT HELD NOT "JUDGMENT CREDITOR" AS TO MACHINE SOLD UNDER CONDITIONAL SALE.

Where a machine sold under a conditional contract of sale which was not recorded was attached by the lessor of the purchaser, but the seller claimed the machine before judgment was rendered by the justice in favor of the lessor, the lessor was not a judgment creditor without notice, within Code 1907, § 3394, as amended by Acts 1911, p. 115, providing that an unrecorded contract for the conditional sale of personalty shall be void against purchasers for valuable consideration, mortgagees, and judgment creditors, for a "judgment creditor" is one that has reduced his debt to judgment (citing Words and Phrases, Judgment Creditor, vol. 4, p. 3844).

2. LANDLORD AND TENANT ⬥⇒248(1)—LESSOR WITH LIEN NOT PURCHASER FOR VALUE OF PERSONALTY BOUGHT BY LESSEE UNDER CONDITIONAL CONTRACT.

Though Code 1907, § 4747, gives the landlord of any dwelling house a lien on the goods, furniture, and effects belonging to the tenant, such landlord is not a purchaser for valuable consideration of personalty held by the tenant under a conditional sale contract which was not recorded, pursuant to section 3394, and so was invalid as to purchasers, etc., for the lien specifically extends only to effects of the tenant.

Appeal from Circuit Court Etowah County; W. J. Martin, Judge.

Attachment by O. H. Alford against J. D. Strickland and Mrs. J. D. Strickland, in which a sewing machine seized was claimed by the Singer Sewing Machine Company. From a judgment of the justice in favor of plaintiff, claimant appealed to the circuit court, and, from a judgment there for claimant, plaintiff appeals. Affirmed.

Certiorari denied. Ex parte Alford, 204 Ala. 697, 85 South. 921.

Alto V. Lee, of Gadsden, for appellant.

The plaintiff undoubtedly had a lien under sections 2948, 4747, Code 1907. It is also undisputed that unrecorded conditional sales are void as against certain persons, who otherwise have no notice. Section 3394, Code 1907. Plaintiff fell within the class mentioned in the statutes. 187 Ala. 533, 65 South. 783, Ann. Cas. 1916A, 877; 3 Ala. App. 634, 57 South. 122; 93 Ala. 257, 9 South. 285, 12 L. R. A. 700; 87 Ala. 582, 6 South. 364; 92 Ala. 386, 9 South. 423; 169 Ala. 503, 53 South. 1028; 23 Cyc. 1365; 8 Ala. App. 449, 62 South. 549; 79 Ala. 112; 65 Ala. 382; 5 Ala. 43.

Goodhue & Brindley, of Gadsden, for appellee.

Under the ruling made in 67 Ala. 109, prior to the passage of section 3394, Code 1907, it is clear that the Singer Sewing Machine Company's title would prevail, but our contention is that plaintiff in this case is not within the terms of the statute and that he is not protected thereby. 62 Ala. 489; 98 Ala. 443, 13 South. 782; 93 Ala. 193, 9 South. 734; 89 Ala. 500, 7 South. 769; 78 Ala. 116; 73 Ala. 202; 13 Or. 466, 11 Pac. 190; 60 Ala. 398.

BRICKEN, J. This was a trial of the rights of property and originated in the court of a justice of the peace. An attachment was sued out by O. H. Alford against J. D. Strickland and Mrs. J. D. Strickland in the justice court to enforce a lien for rent of a dwelling house, and the attachment was on May 7, 1918, levied on the household furniture belonging to the defendants and on a machine. On May 28, 1918, a judgment by default was rendered by the justice of the peace against one of the defendants, Mrs. J. D. Strickland, and condemning the property levied on to the satisfaction of the judgment. On June 11, 1918, the Singer Sewing Machine Company filed its claim to the machine levied on with the justice of the peace. On July 3, 1918, after the said claim had been interposed, the justice of the peace rendered judgment by default against the defendant in the following words:

"July 3, 1918, this day being day set for trial and it being after 12 o'clock noon, plaintiff appears by 'agent and answers ready, defendant being called answers not but wholly makes default; after hearing the evidence it is adjudged, ordered and decreed by the court that plaintiff have and recover judgment vs. defendant for the sum of $75 and costs. For which let execution issue.

"The court further condemns the following property, to wit: One Singer sewing machine being the property levied on by P. H. Handy, constable of beat No. 1, Etowah county, Ala., and being the property of the said J. D. Strickland, the defendant being notified of said levy as shown by the sheriff's return, the court condemns the said sewing machine and orders the same sold to satisfy said judgment and costs. For which let execution issue."

On August 2, 1918, the justice of the peace rendered judgment against the claimant and holding the machine liable to the attachment. From this judgment the claimant Singer Sewing Machine Company appealed to the circuit court. The case was tried in the circuit court by the court without a jury, and the court rendered judgment in favor of the claimant, and from this judgment plaintiff in attachment suit, O. H. Alford, appeals to this court.

On the trial in the circuit court the plaintiff offered in evidence the affidavit, bond, and writ of attachment, together with the return of the sheriff on said writ, the judgment rendered against Mrs. J. D. Strickland by the justice of the peace on May 28, 1918, and the judgment above set forth, rendered by the justice of the peace on July 3, 1918. The plaintiff offered proof showing that he had rented a dwelling house to Mr. and Mrs. J. D. Strickland for $25 per month, and that, at the time suit was brought, defendants owed $75 for rent for the months of February, March, and April, 1918, and that, at the time the levy of the attachment was made, the sewing machine was in possession and control of Mr. and Mrs. J. D. Strickland in the house which had been rented to them by plaintiff.

The claimant offered in evidence the claim bond and affidavit, and proof that defendants went into possession of the dwelling rented by them from plaintiff on October 15, 1917; that they were in possession on January 5, 1918, and owed plaintiff no rents on that date. The claimant offered proof showing that the machine in controversy was sold by claimant to defendants under a "lease contract," or conditional sale, reserving title in claimant until paid for, that the machine was worth $40 and had not been paid for. The claimant offered in evidence the "lease contract," or conditional sale, dated January 5, 1918. This "lease contract" or conditional sale had not been recorded.

The plaintiff, appellant, contends that said lease was void as against plaintiff because it had not been recorded as provided by section 3394 of the Code 1907, and that is the sole question presented for decision.

[1] Section 3394 of the Code of 1907, as amended by the Acts of 1911, p. 115, reads as follows:

"Section 1. Be it enacted by the Legislature of Alabama, that section 3394 of the Code of 1907, be amended so as to read as follows: 3394 (1017) Conditional Sales, Leases, etc., to be Recorded.—All other contracts for the con-

ditional sale of personal property, by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property, and all contracts for the lease, rent or hire of personal property by, the terms of which the property is delivered to another on condition that it shall belong to him whenever the amount paid shall be a certain sum, or the value of the property, the title to remain in the other party until such sum or value shall have been paid, are, as to such conditions, void against purchasers for a valuable consideration, mortgages and judgment creditors without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also the county in which such property is delivered and remains; and if before the payment of the purchase money or the sum or value stipulated, the property is removed to another county, the contract must be again recorded within three months from the time of such removal, in the county to which it is removed; and if any such property is brought into this state while subject to such condition, the contract of sale, lease, hire, or rent, must within three months thereafter be recorded in the county into which the property is brought and remains and all local or special laws in conflict herewith are expressly repealed, provided that in counties having according to the last federal census or according to any succeeding federal census a population of more than eighty thousand (80,000) inhabitants such contracts of less than two hundred dollars in amount need not be filed for record as provided in this section."

Was the plaintiff entitled to the protection under said section as a "purchaser for valuable consideration, mortgagee or judgment creditor without notice"?

It is not contended that plaintiff was a mortgagee, but plaintiff insists that he was a judgment creditor without notice. We do not think that plaintiff's position is sound. "Judgment creditors are creditors who have reduced their debt through judgment." King v. Fraser, 23 S. C. 543, 548; Words and Phrases, vol. 4, p. 3844. The creditors protected are those who obtain their judgments without notice. The proof shows that claimant's claim was filed in the cause on June 11, 1918, and the plaintiff's judgment in the justice court was not rendered until July 3, 1918. The filing of the claim was sufficient to put plaintiff on inquiry, and it cannot be said that plaintiff was without notice. It is not merely "creditors," or creditors with liens, who are protected by the statute; but it is judgment creditors. Therefore the mere fact that even if the plaintiff had acquired a lien by the levy of an attachment it did not bring him within the terms of the statute. We therefore hold that the plaintiff was not a judgment creditor without notice.

[2] The plaintiff contends that he was a purchaser for a valuable consideration without

in the terms of said section 3394, because his lien as landlord attached to the machine. We do not think this contention of the plaintiff is sound. A purchase means a contract of sale made by one person to another, and there must be a seller and a buyer (purchaser). If plaintiff was a "purchaser," who was the "seller"? At most, plaintiff only had a lien, and was therefore a lienholder, and the statute is not broad enough to protect lienholders. To sustain plaintiff's contention would have the effect of making the statute read, "are, as to such creditors, void against purchasers for a valuable consideration, mortgagees, judgment creditors and persons acquiring liens thereon without notice."

The appellant cites and relies upon the case of Starr Piano Co. v. Baker, 8 Ala. App. 449, 62 South. 549. That case is clearly distinguishable from the case at bar. There Baker was a pledgee of the piano under a contract between him and Vaughn. A pledge, in that case, was held to have the same effect as a sale or conveyance just as mortgages have been held as a sale or conveyance.

The statute is intended to protect one who buys, for a valuable consideration, from the one who has executed the contract of conditional sale. In the instant case, there is no evidence that plaintiff bought the machine from Strickland. In fact, no such contention is made. There cannot be a purchase without a sale. It clearly follows, therefore, that plaintiff was not a purchaser for valuable consideration.

Section 4747 of the Code 1907 declares that the landlord of any storehouse, dwelling house, or other building, shall have a lien on the goods, furniture, and effects belonging to the tenant for his rent, and provides that said lien shall be superior to all other liens, except those for taxes. Under this section of the Code, in order for Alford to have acquired a lien as landlord on the machine in question, the machine necessarily must have been the property of the tenants Strickland and must have belonged to them or one of them. The question is therefore presented: Did the machine involved belong to J. D. Strickland or to Mrs. J. D. Strickland, the defendants? There is no evidence whatever that Mrs. J. D. Strickland was in any manner connected with the purchase or lease of the machine, and the only evidence offered by plaintiff relative to the machine is that it was in the possession and control of the two defendants and was in the house rented by them. While the undisputed testimony shows that the machine was the property of appellee, that title had never passed from the company, and that no part of the price agreed upon had been paid. It is apparent therefore that plaintiff acquired no lien as landlord except upon the goods, furniture, and effects which belonged to and was owned by defendants

in attachment. Under the undisputed evidence in this case, the machine in question did not belong to either Mr. or Mrs. J. D. Strickland nor was it owned by them, or either of them. The fact that the machine was in their possession and control only did not constitute ownership, nor did said machine belong to them simply by virtue of such possession or control. The statute section 4747, supra, did not create a lien upon the goods, furniture, and effects except such as belonged to the tenants, and it certainly cannot be seriously contended that the intent of this statute was to create a lien which extended further than the interest of the tenant in his goods, furniture, and effects. The effect of the statute is to fix the position of the landlord one of absolute protection so far as the goods, furniture, and effects which belong to the tenant are concerned; but it cannot be said that this statute intended to give the landlord a lien upon any goods, furniture, or effects that do not belong to the tenant. To the contrary, it would appear that the purpose of this statute did not intend to arm the landlord with any rights to the goods, furniture, and effects of the tenant which would be superior to the rights which might be asserted by the tenant himself.

We are of the opinion that the judgment rendered in favor of the claimant in the circuit court was correct, and the rulings of the court were free from error.

Affirmed.

MERRITT, J., concurs.

SAMFORD, J., concurs in the conclusion.