(96 South. 857)

SINGER SEWING MACH. CO. v. YOUNG.
(8 Div. 480.)

(Supreme Court of Alabama. June 14, 1923.)

Landlord and tenant ⬅246(3)—Unnecessary for tenant to have full title to property to subject it to landlord's lien.

A landlord held to have a lien on a tenant's interest in a sewing machine, which, before it was completely paid for, had been removed from the premises by the sewing machine company; the landlord upon learning of the company's priority of claim having offered to pay the balance due on the purchase price, which offer was refused, and it not being necessary that tenant have absolute title.

Appeal from Circuit Court, Lauderdale County; Chas P. Almon, Judge.

Bill by C. W. Young against the Singer Sewing Machine Company and G. F. Anglin and wife. From a decree overruling demurrer to the bill, respondent Singer Sewing Machine Company appeals. Affirmed.

Bradshaw & Sims, of Florence, for appellant.

The complainant had no equitable lien on the machine, and the demurrer to the bill should have been sustained. Alford v. Singer Sewing Mach. Co., 17 Ala. App. 325, 85 South. 584.

Mitchell & Hughston, of Florence, for appellee.

That appellee is entitled to this equitable remedy counsel cite Tanner, etc., Co. v. Hall, 89 Ala. 628, 7 South. 187; Bingham v. Vandergrift, 93 Ala. 283, 9 South. 280.

THOMAS, J. Demurrer was overruled to the bill, which sought to enforce the landlord's lien on the tenant's interest in a sewing machine.

It is averred that the sewing machine was brought upon the rented premises "by the defendants," and that it was kept by the tenant in the dwelling he rented from complainant. Leader v. Romano, 208 Ala. 635, 95 South. 7; Mathers v. Barrow, 202 Ala. 342, 80 South. 424. The bill further avers that the purchase price of the machine was not fully paid by the tenant, and it was removed from the rented premises by the Singer Sewing Machine Company a few days before the tenant quit the premises, without the knowledge or consent of the landlord; that when complainant learned the fact of priority of the claim or interest of the Singer Sewing Machine Company, he offered to pay the balance due on the purchase price, which was refused.

The case of Alford v. Singer Sewing Machine Co., 17 Ala. App. 325, 85 South. 584, was a law case, and in that case no part of the purchase price had been paid by the purchaser and tenant; it does not control this decision.

It is not alleged or admitted in the bill that the Singer Sewing Machine Company has a right, title, or interest in the machine; merely that the company claims a "debt due against the same," has repossessed it, and the complainant offers to pay that debt and interest thereon. It was not necessary to allege and prove that such tenant in possession had the fee-simple title to the property, to subject it to the lien of the landlord. The complainant,

on his bill, was entitled to his equitable remedy in subjecting thereto the property, subject to the prior claim or equity of the Singer Sewing Machine Company. Glass v. Tisdale, 106 Ala. 581, 19 South. 70; Westmoreland & Trousdale v. Foster, 60 Ala. 448; Bingham v. Vandegrift, 93 Ala. 283, 9 South. 280. See, also, other cases where liens were necessarily enforced in equity. Manchuria S. S. Co. v. Harry G. G. Donald & Co., 200 Ala. 638, 645, 77 South. 12; Tanner & DeLaney Engine Co. v. Hall, 89 Ala. 628, 7 South. 187; Averyt Drug Co. v. Ely-Robertson-Barlow Drug Co., 194 Ala. 507, 513, 69 South. 931, and authorities; A. T. & N. Ry. Co. v. Tolman, 200 Ala. 449, 76 South. 381.

The judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.