## BROOKS v. DIAL. (7 Div. 633.)

(Supreme Court of Alabama. March 18, 1926.)

**1. Chattel mortgages ⬤=6.**

Stipulation of verbal contract of sale that title to mule should remain in vendor until price thereof was paid constituted a "conditional sale," and not a mortgage.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conditional Sale.]

**2. Landlord and tenant ⬤=260—Fact that conditional sale contract for mule was unrecorded held not to affect conditional vendor's rights as against landlord's attachment for rent (Code 1907, § 3394; Code 1923, §§ 8894–8896; Code 1923, § 6898).**

Where rental contract of land, conditional sale of mule to tenant, attachment under Code 1923, §§ 8894–8896, and claim suit and proceedings thereunder occurred prior to adoption of Code 1923, § 6898, placing landlord's lien for rent on equality with purchasers for valuable consideration, mortgagees, and judgment creditors, case was governed by Code 1907, § 3394, and fact that conditional sale contract was not recorded did not affect vendor's rights.

Appeal from Circuit Court, Clay County; G. F. Smoot, Judge.

Claim suit between R. L. Brooks, plaintiff, and W. O. Dial, claimant. From a judgment for claimant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Walter S. Smith, of Lineville, for appellant.

Appellant had a paramount lien on the property in suit. Code 1923, § 8894; Engram v. Blackman, 102 So. 154, 20 Ala. App. 365; Engram v. Thoma, 101 So. 834, 212 Ala. 129; Dorsett v. Watkins, 158 P. 608, 59 Okl. 198, 9 A. L. R. 278. A mortgage of personal property is not valid unless made in writing. Code 1923, § 8033. For error in erroneous admission of evidence, the judgment will be reversed, though the trial was by the court without a jury. Cole v. Gay & Bruce, 104 So. 775, 20 Ala. App. 643.

Pruet & Glass, of Ashland, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. Appellant rented to one Britt Clark for the year 1922 certain lands for pasturage purposes only, and during that year procured the issuance of an attachment against Clark for the balance of the rent due, and levied on a mule that had been pasturing on said land. Sections 8894–8896, Code 1923; Engram v. Thoma, 101 So. 834, 212 Ala. 129; Blackman v. Engram (Ala. Sup.) 107 So. 741.[1] W. O. Dial (appellee) interposed a claim to the mule, and upon the trial of the claim suit judgment was rendered before the court without a jury in favor of the claimant, from which the plaintiff in the attachment suit has prosecuted this appeal.

[1] The evidence is without dispute that Clark, the tenant, procured the possession of the mule from Dial, the claimant, under a verbal conditional sale contract, with the express stipulation that the title to the mule was to remain in the claimant, the vendor, until paid for at the agreed price of $60, payable $2 per week; that a considerable sum was past due and unpaid at the time of the attachment. This constituted what is commonly known as a conditional sale, and not a mortgage, as insisted by counsel for appellant. L. & N. R. R. Co. v. Miller, 96 So. 322, 209 Ala. 378; Fields v. Williams, 8 So. 808, 91 Ala. 502; 35 Cyc. 651 et seq.

[2] In Alford v. Singer Sewing Machine Co., 85 So. 584,[2] by the Court of Appeals (reviewed by this court in Ex parte Alford, 85 So. 921, 204 Ala. 698), it was held that the landlord's lien attached only to property of the tenant, which authority is cited with approval in Brunswick-Balke, etc., Co. v. Evie G. Starnes (Ala. Sup.) 107 So. 743.[3] But it is insisted that the conditional sale contract was not recorded, and that therefore the landlord is protected under the provisions of section 6898, Code of 1923. In the Brunswick-Balke Case, supra, we called attention to the change in the present Code, placing the landlord's lien on an equality with purchasers for a valuable consideration, mortgagees, and judgment creditors. This is new to the Code of 1923. No such provision is found in section 3394, Code of 1907, under which the Alford Case, supra, was decided.

---

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 262.   [2] 17 Ala. App. 325.   [3] Ante, p. 263.

The rental contract here involved, the attachment, and claim suit, and all proceedings thereunder, occurred prior to the adoption of the present Code. The case is therefore governed in this respect by the provision of the Code of 1907, and the Alford Case is controlling to the effect that under the undisputed evidence the claimants' title should prevail.

The rulings on evidence bore no relation to the controlling facts of the case, and could in no event affect the result on this appeal, and therefore need no separate treatment here.

We are of the opinion the trial court correctly ruled in favor of the claimant, and the judgment will accordingly be here affirmed. Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.