**BLACKMAN v. ENGRAM.  (4 Div. 264.)**

(Supreme Court of Alabama.  March 18, 1926.)

1. **Landlord and tenant** ⟲⟳248(1).—**Lien of landowner on live stock of tenant for rent does not displace title of owner other than tenant (Code 1923, § 8894).**

Under Code 1923, § 8894, providing that landowner shall have lien on live stock raised or grazed on rented land for rent, which shall be "paramount to all other liens," lien for rent does not displace title of owner other than tenant.

2. **Chattel mortgages** ⟲⟳140—**Generally, lien of mortgage for purchase price, given simultaneously with conveyance, takes precedence of other liens against mortgagor to extent of property sold.**

Generally, a mortgage, given to secure unpaid purchase money simultaneously with conveyance, and as part of same transaction, takes precedence of all other claims and liens against mortgagor to extent of property sold.

3. **Chattel mortgages** ⟲⟳140—**Title given to secure purchase money of cattle passed to purchaser at foreclosure sale thereof.**

Where tenant purchased cattle from bank, giving his note for price and mortgage on cattle to secure same, and bank thereafter sold them on mortgage sale, title given to secure price passed by foreclosure to purchaser, and took precedence over landlord's lien for rent.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Trial of the right of property between Annie O. Engram, plaintiff, and Willie McLeod Blackman, claimant. From a judgment for plaintiff, claimant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

W. H. Merrill, of Eufaula, for appellant.

The title to the property had never vested in defendant in attachment, nor any interest upon which a lien could attach in law. Cambell v. Anderson, 18 So. 218, 107 Ala. 656; Walden Auto Co. v. Mixon, 71 So. 694, 196 Ala. 346; Chapman v. First Nat. Bank, 13 So. 764, 98 Ala. 528, 22 L. R. A. 78. No two persons can by agreement between themselves create a lien in favor of one of them against the goods of a third person. 6 Mayfield's Dig. 550. The affirmative charge was due the claimant. Chapman v. First Nat. Bank, supra; Mecklin v. Deming, 20 So. 507, 111 Ala. 159; Hissong v. R. & D., 8 So. 776, 91 Ala. 514.

McDowell & McDowell, of Eufaula, for appellee.

The landlord's lien had priority over claimant's mortgage. Code 1923, § 8894; 11 C. J. 656; Gillespie v. McClesky, 49 So. 362, 160 Ala. 289; Beall v. Folmar, 26 So. 1, 122 Ala. 414; Dowling v. Wall, 21 So. 948, 114 Ala. 58; Seisel v. Folmar, 15 So. 850, 103 Ala. 491; Snellgrove v. Evans, 40 So. 567, 145 Ala. 600; 18 Am. & Ency. Law, 335.

SAYRE, J. [1] Appellee, Mrs. Engram, sued Thoma on a note given for the rent of a dairy farm, and caused an attachment to be levied on a number of dairy cattle that had been grazed on the farm. Mrs. Blackman interposed her claim, and on the trial of the right of property the evidence showed that on January 1, 1923, plaintiff let her land to defendant to be used as a dairy farm for the year. Plaintiff's rent note was dated January 10, 1923, but the evidence was that the rental contract was entered into on the 31st day of December, 1922, to take effect on the next day, and, as we understand the record, defendant was thereafter in possession. Claimant's case was that, although the cattle had been previously in the possession of defendant, they were the property of the Bank of Eufaula until January 6, 1923, when defendant purchased them from the bank, giving his note for the purchase money and a mortgage on the cattle to secure the same. In May, 1923, the mortgagee or his assignee, proceeding under a power given in the mortgage, took possession of the cattle, and foreclosed the mortgage by a sale at which claimant became the purchaser. The court gave the general affirmative charge for plaintiff, holding that the cattle were subject to the lien of the attachment. Our judgment is that claimant showed the better title, and that she was entitled to the general charge duly requested.

Section 8894 of the Code of 1923 (Acts 1919, p. 1084, § 1) provides:

"Owners of land, or their assignees, shall have a lien upon all live stock raised, grown or grazed upon rented land for the rent of said land for the current year, and which shall be paramount to all other liens. The lien shall exist only when the land is leased or rented or used for pasturing or grazing purposes."

[2, 3] True, the statute provides that the lien of the landowner "shall be paramount to all other liens," but this means that the lien of the landowner on the live stock of the tenant shall be paramount to all other liens, not that the lien for rent may fasten upon and displace the title of an owner other than the tenant. The cattle were the property of the bank until January 6, 1923. On that day the bank sold to defendant in attachment, but, in legal effect, retained title as security for the purchase money. There was at no time any interest in the tenant upon which the landlord's lien could attach save only the equity of redemption. The general rule of law is that a mortgage given to secure unpaid purchase money simultaneously with a conveyance of the property, and as a part of

⟲⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the same transaction, takes precedence of all other claims and liens of every kind against the mortgagor, to the extent of the property sold. 27 Cyc. 1180. In our judgment that rule should apply in the case shown by the record and the title given to secure the purchase money passed by the foreclosure to the purchaser at that sale. McRae v. Newman, 58 Ala. 535; Threefoot v. Hillman, 30 So. 513, 130 Ala. 244, 89 Am. St. Rep. 39; Cambell v. Anderson, 18 So. 218, 107 Ala. 656.

There were numerous exceptions reserved on questions of evidence, but the controlling facts showed without dispute that claimant was entitled to the general charge duly requested by her. Some of the evidence thus brought into the case and some parts of appellee's brief seem to proceed upon the idea that statements made by Wild, the president of the bank, to plaintiff, prior to the lease contract and prior to the sale of the cattle to defendant, should operate to estop the bank, and so the claimant, to claim the superiority of the mortgage title over the lien asserted by plaintiff; but we find in the record no evidence tending to show any statement or representation by Wild to the effect that title to the cattle had passed into the tenant nor any suggestion of a waiver of the bank's title. The mortgage was filed for record within five days of its execution, and, without that, plaintiff knew that the cattle had been purchased from the bank by Thoma.

The judgment is reversed; the cause remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.