### BRUNSWICK–BALKE COLLENDER CO. v. STARNES. (7 Div. 641.)

(Supreme Court of Alabama. March 18, 1926.)

1. **Attachment** ⬤═295—**Claim interposed by conditional vendor before sale of property held not too late (Code 1923, §§ 6898, 10375).**

In view of Code 1923, § 10375, where claimant, basing right on conditional sale contract, duly recorded under section 6898, interposed claim before sale of attached property, under express provision of section 6898, it was not too late.

2. **Sales** ⬤═477(1)—**Fact that conditional vendor's agent knew that property was to be used in a rented building held not waiver of right to property by vendor.**

Fact that conditional vendor's agent knew that property was to be used in a rented building, and further fact that conditional sale contract provided that purchaser acquire written release from landlord, *held* not waiver of right to property by vendor.

3. **Landlord and tenant** ⬤═248(1)—**Landlord with lien is protected against unrecorded conditional sale contracts (Code 1923, § 6898; Code 1907, § 3394).**

Under Code 1923, § 6898, landlord with lien for rent is protected against unrecorded conditional sale contracts, though such protection is not afforded under Code 1907, § 3394.

4. **Landlord and tenant** ⬤═260—**Where property described in recorded conditional sale contract was levied on by landlord in attachment suit, title of vendor must prevail.**

Where property described in recorded conditional sale contract was levied on in attachment suit by landlord for rent, conditional vendor as claimant thereof must prevail.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Claim suit between Evie G. Starnes, plaintiff, and the Brunswick-Balke Collender Company, claimant. From a judgment for plaintiff, claimant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and rendered.

Appellee rented a certain storehouse in Pell City, Ala., to one Graham, and brought an attachment suit in the justice of the peace court for past-due rent June 27, 1925. The attachment was levied upon pool tables and other like property used in a poolroom, and on July 6th, following, judgment was rendered in her favor and the property condemned to be sold in satisfaction thereof. The next day the Brunswick-Balke Collender Company interposed a claim to the property, and upon consideration of the claim suit in the justice court judgment was rendered in favor of the plaintiff. Appeal was taken by claimant to the circuit court with like result.

Claimant's title rests upon a conditional sale contract executed by the purchaser Graham December 16, 1924, and duly recorded the next day; the property being shipped to Graham from out of the state, the balance due being $660. In the contract Graham also agreed to furnish a written release from the landlord that the property would not be liable to a landlord's lien. Claimant's agent knew the property was going into the rented store. The cause was tried before the court without a jury resulting in a judgment for the plaintiff.

Frank B. Embry, of Pell City, for appellant.

The landlord has no lien upon property held by defendant under lease contract. Alford v. Singer Co., 85 So. 584, 17 Ala. App. 325; Ex parte Alford, 85 So. 921, 204 Ala. 697. The property was not that of the defendant, and was not subject to any lien of the landlord, the contract being duly recorded by the claimant. Authorities supra. The

---

claim was filed within the time allowed. Code 1923, § 10375.

M. M. Smith, of Pell City, for appellee.

Appellant's claim came too late. Randolph v. Little, 62 Ala. 396; Lackland v. Rogers, 21 So. 341, 113 Ala. 529; Stanley v. Ehrman, 3 So. 527, 83 Ala. 215; Sherry v. Brown, 66 Ala. 51. Claimant waived its right to declare its indebtedness. Ivey v. Coston, 82 So. 664, 134 Ala. 259.

GARDNER, J. [1] Trial of the right of property; claimant basing its right upon a conditional sale contract duly recorded. Section 6898, Code 1923. The claim was interposed before a sale of the property, and was not too late under the express language of the statute. Section 10375, Code of 1923.

The authorities cited by counsel for appellee relate to claims of exemptions, and received consideration in Cross v. Bank of Ensley, 87 So. 843, 205 Ala. 274. These authorities are not here applicable, either directly or indirectly by way of analogy. The claimant here was not a party to the suit in which the property was condemned for the satisfaction of the landlord's lien, and the above-cited statute expressly gives to such claimant the right to interpose its claim before a sale thereof. The contention to the contrary is without merit.

[2] Nor do we think the fact that claimant's agent knew the property was to be used in a rented building, and the further fact that the conditional sale contract provided that the purchaser acquire a written release from the landlord (which was never done), suffice to show a waiver of any right to the property on the part of this claimant.

[3] The case of Alford v. Singer Sewing Machine Co., 85 So. 584, 17 Ala. App. 325, by the Court of Appeals, reviewed by this court in Ex parte Alford, 85 So. 921, 204 Ala. 698, is here in point to the effect that the landlord's lien attached only to property of the tenant. It is proper to here note, however, that this decision was rendered prior to the adoption of the Code of 1923, and that, under the provisions of the recording statute as to conditional sale contracts of the present code (section 6898, supra), the landlord with a lien is protected as well as judgment creditors against such unrecorded contracts, differing in this particular from the provisions of section 3394, Code of 1907. This change is not here of importance for the reason that the contract in the instant case was promptly recorded in the proper county.

[4] An examination of the record sufficiently discloses the identity of the property described in claimant's conditional sale contract as that levied upon in the attachment suit. We are of the opinion, therefore, that under the undisputed proof the title of the claimant must prevail. The judgment of the court below is reversed, and one here rendered in favor of the claimant, appellant here.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.