(114 So. 675)

## ISBELL–HALLMARK FURNITURE CO. v. SITZ. (7 Div. 256.)

Court of Appeals of Alabama.   Oct. 26, 1926.

Rehearing Denied Nov. 9, 1926.   Affirmed on Mandate May 24, 1927.   On Rehearing, Oct. 4, 1927.   Further Rehearing Denied Nov. 1, 1927.

Culli, Hunt & Culli, of Gadsden, for appellant.

Hood & Murphree, of Gadsden, for appellee.

BRICKEN, P. J. On September 5, 1925, one Booth rented an apartment in the city of Gadsden from appellee for a term of 9 months and 25 days, at an agreed rental of $50 per month. Booth took possession of the apartment, but on the following October 11th appellee discovered that he had vacated the premises, leaving certain furniture stored therein.

On September 4, 1925, Booth entered into a lease sale contract with appellant for the furniture just mentioned, and appellant delivered the same in the rented apartment.

On October 12, 1925, appellee, as landlord, had an attachment issued and levied on the furniture. The rent had been paid up to October 1st, so that at the date of the levy the tenant was 12 days in arrears with his rent. By the terms of the lease sale agreement, Booth was to pay appellant $392.65 for the furniture, paying down at the time the sum of $45—all that was ever paid. This lease sale contract or agreement was not recorded until just 30 minutes before the levy of attachment on October 12th, and it does not appear that the landlord had actual notice of claimant's ownership of the furniture. Immediately upon the levy of the attachment, appellant executed claim bond and removed the property from the apartment.

On the trial of the claim suit before the trial judge without a jury he adjudged the property to be the property of the. defendant in attachment, Booth, and subject to the levy of attachment, ascertaining the total value of the furniture to be $303.50. Plaintiff claimed 3 months and 10 days' rent as due, a fraction over $150.

Section 8814 of the Code 1923 gives the landlord a lien on the furniture and effects belonging to the tenant, which lien is superior to all other liens except those for taxes.

Section 6898 of the Code 1923 as now written provides that lease sale agreements, such as here involved, are void as to landlords with liens unless recorded. The rights of the parties depend upon a correct interpretation of these two sections.

It has been uniformly and correctly held by the courts that section 8814 gives a lien only on the property of the tenant. In Alford v. Singer Sewing Mach. Co., 17 Ala. App. 325, 85 So. 584, this court said:

"The statute (section 4747 [now 8814]), supra, did not create a lien upon the goods, furniture, and effects except such as belonged to the tenants, and it certainly cannot be seriously contended that the intent of this statute was to create a lien which extended further than the interest of the tenant in his goods, furniture, and effects."

The ruling in this case was affirmed on certiorari to the Supreme Court, and was again affirmed by that court in Blackman v. Engram, 214 Ala. 262, 107 So. 741, and Brunswick-Balke Collender Co. v. Starnes, 214 Ala. 263, 107 So. 743. In the Blackman Case, supra, it is stated that it was not intended that the lien for rent could fasten upon and displace title of an owner other than the tenant. On the same day the Blackman Case was handed down, the same division of the Supreme Court decided the Brunswick-Balke Case, supra, in which the following notation is made:

"It is proper here to note, however, that this decision [referring to Alford v. Singer Sewing Mach. Co., supra,] was rendered prior to the adoption of the Code of 1923, and that, under the provisions of the recording statute as to conditional sale contracts of the present Code (section 6898, supra), the landlord with a lien is protected as well as judgment creditors against such unrecorded contracts, differing in this particular from the provisions of section 3394, Code of 1907."

It was not intended by this to overturn the doctrine declared in the Alford and Blackman Cases to the effect that the lien created by statute was not intended to displace title of an owner other than the tenant. The quoted statement was made in passing, is a mere declaration of the effect of the change in section 6898, protecting landlords who in fact have a lien upon the tenant's property.

It is in effect contended by appellee that the change in the recording statute confers a lien where none before existed. The lien is the creature of section 8814, and is not created or conferred by section 6898. The latter section, as now appearing in the

Code, does give a protection not before enjoyed, provided the landlord has a lien. It is insisted that the change in the statute under consideration would have no field of operation unless the courts, by a kind of judicial legislation, held that this change broadened section 8814 so as to confer a lien upon the furniture and effects enjoying the protection of the leased premises, irrespective of who owned such furniture or effects. This we cannot do. The appellee's theory is unfounded and unsound. The judgment was based on this theory, and cannot stand. The courts have never interpreted the words "belonging to tenant" in section 8814 to mean that the tenant must have the entire fee-simple title before the lien attaches, but, on the contrary, that the lien attaches to such title or interest as the tenant may have in the furniture or effects. This is illustrated by the case of Singer Sewing Machine Co. v. Young, 209 Ala. 629, 96 So. 857. This lien the landlord has under the statute (8814), and the same is protected by section 6898 as now appearing in the Code. However, the interest of the tenant in this case was only equitable. He had an equity in the furniture of the value of $45, the amount of the purchase price paid, and on this equity the landlord's lien attached. This equity the landlord could not assert in a court of law as against the appellee's superior legal title. The case will be reversed, and a judgment here rendered for the claimant.

Reversed, rendered, and remanded.

PER CURIAM. Affirmed on authority of Isbell-Hallmark Fur. Co. v. Sitz, 217 Ala. 3, 114 So. 677.

## On Rehearing.

BRICKEN, P. J. ▉ After a due consideration of the argument made in support of the application for rehearing, and a careful study of the point of decision involved, we are of the opinion that the application must be granted, and that the judgment of affirmance set aside, and that the cause be remanded to the trial court.

When the affidavit for attachment was made, and when the attachment was issued, there was due the plaintiff one installment of rent amounting to $50. This installment was the only amount due and unpaid, and was the full amount for which plaintiff then had a landlord's lien. All subsequent installments of rent that accrued under the lease fell due after appellant's conditional sale contract or lease with the tenant had been recorded and after the landlord had actual notice of said conditional sale contract or lease. It follows that the landlord's lien on the property claimed by appellant at the time of the attachment was sued out, and which amounted to $50, was to this amount alone enforceable against said property, and that the trial court erred in adjudging that said property was subject to a lien in favor of plaintiff in the amount for which the writ of attachment was levied, viz. $150. We regard the case of Nicrosi v. Roswald, 113 Ala. 592, 21 So. 338, as being directly in point on this proposition and conclusive of the question.

Application granted. Judgment of affirmance set aside. Reversed and remanded.