(114 So. 275)

## LACKEY v. UNITED SHOE REPAIRING MACH. CO. (8 Div. 466.)

Court of Appeals of Alabama. Nov. 1, 1927.

Street, Bradford & Street, of Guntersville, for appellant.

John A. Lusk, of Guntersville, and John S. Coleman and Bradley, Baldwin, All & White, all of Birmingham, for appellee.

RICE, J. This was a detinue suit brought by appellee against one Thomas, seeking to regain the possession of a certain shoe repairing machine, and in which suit the appellant interposed his claim of ownership of the property sued for. The trial judge gave the general affirmative charge in favor of the plaintiff (appellee), and this appeal by the claimant results.

It appears that appellee had leased the property sued for in the year 1917 to a certain party, and that from time to time this lease was renewed with first one party and then another until the time of trial; the property being all the while in Alabama, and appellee being a foreign corporation. Appellant was shown to have acquired a mortgage upon the

property from Thomas, the defendant in detinue, without notice of appellee's ownership of the same.

The lease contract by which appellee parted with the actual possession of the property was admittedly of record in no county in Alabama.

Appellant rests his hope for a reversal here upon this court holding, as the trial judge would not do, that the lease contract, by which Thomas and those preceding him held the machine in question, was such a paper, as, being unrecorded for the space of three years, would under section 6893 of the Code of 1923 leave the title to the property in the lessee, in so far as innocent purchasers for value and creditors were concerned. But we do not have to decide that question, for the reason it affirmatively appears that Thomas, the lessee, from whom claimant acquired his claimed interest in the property, had been in possession of the property for no length of time at all, but acquired his (Thomas') possession simultaneously with the transaction with claimant, and only a short time (nothing like three years) before plaintiff begun suit for the property. So in no event would the Code section referred to help appellant here. We have been cited to no authority holding otherwise, and we are of the opinion, and so hold, that the trial court committed no error in giving, at appellee's request, the general affirmative charge in its favor.

The judgment is affirmed.

Affirmed.