(124 So. 426)
## HENLEY v. BRADSHAW MERCANTILE CO.
### (4 Div. 444.)

Supreme Court of Alabama. Nov. 7, 1929.

Baldwin & Murphy, of Andalusia, for appellee.

BROWN, J. This is a trial of the right of property levied upon under writ of attachment sued out by a simple contract creditor. The property involved is a Chevrolet truck, originally purchased by the claimant, appellant here, from the Covington Motor Company, as we assume, under a conditional sale contract, though no such contract was offerred in evidence.

Subsequent to the purchase of the truck by claimant, he sold it, with the consent of the Covington Motor Company, to the defendant, for $100 evidenced by notes, and the assumption of the payment of the balance due on the purchase price to the Covington Motor Company, without any obligation or agreement of the Covington Motor Company to release claimant from liability. This much is undisputed. It further appeared from evidence offered by the plaintiff, that at the time of the levy the property was in defendant's possession. This, under our repeated rulings, made a prima facie case for the plaintiff, carrying to the claimant the burden of showing title and right to possession. Jones v. Franklin, 81 Ala. 161, 1 So. 199; Jackson v. Bain, 74 Ala. 328; Eldridge v. Grice, 132 Ala. 667, 32 So. 683; McDonald v. Stephens, 204 Ala. 359, 85 So. 746.

To shoulder and carry this burden, the claimant offered evidence tending to show that, prior to the time the property was levied upon, the defendant sold and delivered the property back to the claimant in satisfaction of the debt contracted by the defendant in the purchase of the truck, and then and there entered into an agreement with the claimant to hire the truck and a shingle mill, also resold to claimant by the defendant in the same transaction, agreeing to pay 20 per cent. of the earnings of said mill as rent for the mill and truck.

And, in rebuttal to this evidence, plaintiff offered evidence tending to show that nothing was said about such rental agreement at the time of the levy, and that subsequent to the levy claimant merely claimed the property under the unrecorded note, which retained a lien thereon for the payment of the purchase money due to claimant.

A. R. Powell, of Andalusia, for appellant.

The condition in the note, of course as to creditors, was void. Code 1923, § 6898.

But there is nothing in the statute that restricted the right of the purchaser to contract for the resale and hire of the property, unless it was hired on condition that it should belong to the defendant when a stipulated sum was paid for its hire. Code 1923, § 6898.

If in fact the defendant resold the property to the claimant, and this under the evidence was a question for the jury, and claimant rented or hired the property to the defendant, the claimant and not the plaintiff would be entitled to a verdict.

Monroe County Growers' Exchange v. Harper, 20 Ala. App. 532, 103 So. 600, 601, decided by the Court of Appeals, is cited by appellee to the proposition that "evidence of contract between defendant in attachment and claimant, * * * is not binding on plaintiff."

If it can be said that that case sustains the proposition that a bona fide sale and delivery of the property by the defendant to the claimant, before plaintiff's lien attached by the levy of the attachment, may not be shown, then it is unsound, and we decline to follow it.

For the error committed by the court in giving the affirmative charge, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.