**ELECTRICAL RESEARCH PRODUCTS v. FORD.**

4 Div. 716.

Supreme Court of Alabama.

Dec. 21, 1933.

Stokely, Scrivner, Dominick & Smith, of Birmingham, and E. O. Baldwin, of Andalusia, for appellant.

A. R. Powell, of Andalusia, for appellee.

THOMAS, Justice.

The landlord instituted suit against the tenant by attachment which was levied on the property of the claimant (appellant) while the same was under a license or rental contract between claimant and the tenant; said property was located in the picture show operated by the tenant. Hence the matter comes before this court on appeal by the Electrical Research Products, Inc. (claimant), from a judgment of the trial court. It was found in effect that the landlord's lien was superior to the rental or license contract existing between the appellant and the tenant under which certain electrical machinery was installed in a picture show operated by the tenant and occupying a building of the landlord—plaintiff below.

The facts as shown by the record are without dispute in any material respects. The plaintiff in the court below introduced the attachment bond and papers with reference thereto, and rested. The claimant introduced in evidence a contract between the Georgia Theatres, Inc., and the claimant, which sets out in detail the terms and conditions under which the machinery was placed in that rented building, and which shows that, although the contract was executed in Georgia by the Georgia Theatres, Inc., a corporation, with its principal place of business in Georgia, the property was to be used in the Andalusia Theatre at Andalusia, Ala. The contract indicates that the Georgia Theatres, Inc., are the operators of the Andalusia Theatre; and it is not shown in the contract that the same was leased to Bracken, who was the tenant of the plaintiff in the attachment; nor is it shown that any one other than the Georgia Theatres, Inc., was interested in the operation of the Andalusia Theatre. The main contract does not in itself show the date on which it was executed by the Georgia Theatres, Inc., but a collateral agreement which was also signed by that same theater company, and dated August 2, 1932, shows that the contract itself was also signed on that same date. The record shows further that the property included in the contract is that on which the attachment was levied and that included in the claimant's affidavit and bond.

We have indicated that the contract as contained in the bill of exceptions shows that the machinery was to be used in the Andalusia Theatre; and Joe Ford, testifying on rebuttal, states that the boxes containing the machinery shipped and received were addressed to the Andalusia Theatre. This is in accordance with the contract.

The contract specifically states that title shall remain in the claimant; and nowhere in the contract is there any provision that title shall ever pass from the claimant to the Georgia Theatres, Inc., the tenant, Bracken, or any one else; that is to say, that a reading of the contract demonstrates that it is not a conditional sales contract, or similar agreement, under any of its terms; but that of a "non-exclusive, non-assignable license to use the equipment in the theatre for the electrical reproduction of sound in connection with, or incidental to, the exhibition of motion pictures, or any performance given in conjunction therewith, and to employ to the extent necessarily involved in such use of said equipment the methods and/or systems of Products, under all United States patents and applications for United States patents, relating to said equipment or to such use thereof, which are

now owned or controlled or which may during the term of this agreement be owned or controlled by Products, or in respect of which it has or may hereafter during the term of this agreement have the right to grant such license."

■ It will be observed of our statutes and decisions that are pertinent to the case made by the record that the landlord's lien attaches only to property of the tenant, and does not displace title of another. Code 1923, §§ 8814 and 8894; City of Ozark v. Byrd, 225 Ala. 332, 143 So. 168; Dixon, Constable, v. Bashford, 220 Ala. 625, 127 So. 194; Henley v. Bradshaw Mercantile Co., 220 Ala. 193, 124 So. 426; Brunswick-Balke-Collender Co. v. Starnes, 214 Ala. 263, 107 So. 743; Brooks v. Dial, 214 Ala. 267, 107 So. 744; Blackman v. Engram, 214 Ala. 262, 107 So. 741; Weil v. McWhorter, 94 Ala. 540, 10 So. 131; Isbell-Hallmark Furniture Co. v. Sitz, 22 Ala. App. 229, 114 So. 675.

■ The amendment to section 3394, Code 1907, as contained in section 6898, Code 1923, relative to landlords with liens, applies only to unrecorded lease sale contracts, and has no application to property to which the tenant can never secure title under the contract by which he came into its possession.

It is insisted by appellant that neither section 6893 nor section 6894 of the Code of 1923 has application, for the reason that it is not shown that the property had been in possession of the debtor for three years at the time of the attachment. Code 1923, §§ 6893, 6894; Mathis v. Thurman, 143 Ala. 558, 39 So. 360; Lackey v. United Shoe Repairing Mach. Co., 22 Ala. App. 213, 114 So. 275.

This decision rests upon the statute as to landlord and tenant; has reference only to the lien of a landlord as declared in Code, § 8814; and has no reference under the facts of the case to recording statutes.

The landlord's lien is prescribed or defined in section 8814 of the Code as being "on the goods, furniture and effects belonging to the tenant," etc. This language needs no construction, for it is obvious that the landlord has no lien on the property of a third person which may be in the possession of the tenant and without the terms of the statutes. Loveman, Joseph & Loeb v. Foster (Ala. Sup.) 150 So. 170.[1] For instance, in Isbell-Hallmark Furniture Co. v. Sitz, 22 Ala. App. 229, 114 So. 675, 676, we find:

"It has been uniformly and correctly held by the courts that section 8814 gives a lien only on the property of the tenant. In Alford v. Singer Sewing Mach. Co., 17 Ala. App. 325, 85 So. 584, this court said:

"'The statute (section 4747 [now § 8814]), supra, did not create a lien upon the goods, furniture, and effects except such as belonged to the tenants, and it certainly cannot be seriously contended that the intent of this statute was to create a lien which extended further than the interest of the tenant in his goods, furniture, and effects.'

"The ruling in this case was affirmed on certiorari to the Supreme Court, and was again affirmed by that court in Blackman v. Engram, 214 Ala. 262, 107 So. 741, and Brunswick-Balke-Collender Co. v. Starnes, 214 Ala. 263, 107 So. 743. In the Blackman Case, supra, it is stated that it was not intended that the lien for rent could fasten upon and displace title of an owner other than the tenant."

And turning to the Blackman Case, 214 Ala. 262, 107 So. 741, 742, the court said: "True, the statute provides that the lien of the landowner 'shall be paramount to all other liens,' but this means that the lien of the landowner on the live stock of the tenant shall be paramount to all other liens, not that the lien for rent may fasten upon and displace the title of an owner other than the tenant."

The Blackman Case originated under section 8894 of the Code, which applies only to land rented for pasturing or grazing purposes, but the wording of that section is practically the same as section 8814, Code.

Adverting to the insistence that the case falls under the conditional sales statute and provisions for the record thereof, for the sake of convenience, we here set out that part of section 6898 of the Code on which appellee apparently relies. It is as follows: "All other contracts *for the conditional sale* of personal property, by the terms of which *the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property*, and all contracts for the lease, rent, or hire of personal property, by the terms of which the property is delivered to another *on condition that it shall belong to him whenever the amount paid shall be a certain sum, or the value of the property*, the title to remain in the other party until such sum or value shall have been paid, are, as to such condition void against * * * *landlords with liens* * * * without notice thereof, unless such contracts are in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession * * * resides, and also the county in which such property is delivered and remains," etc. (Italics supplied.)

It is apparent that the section relates only to a particular kind of contract—*lease sale contracts*. This court has, in considering this section, said through Mr. Justice Brown:

"But there is nothing in the statute that restricted the right of the purchaser to contract for the resale and hire of the property, *unless it was hired on condition that it should belong to the defendant when a stipulated sum was paid for its hire*. Code 1923, § 6898.

---

[1] Ante, p. 385.

"If in fact the defendant resold the property to the claimant, and this under the evidence was a question for the jury, and claimant rented or hired the property to the defendant, the claimant and not the plaintiff would be entitled to a verdict." (Italics supplied.) Henley v. Bradshaw Mercantile Co., 220 Ala. 193, 124 So. 426, 427.

And as stated in Isbell-Hallmark Furniture Co. v. Sitz, supra, "One of the primary purposes of the amendment to section 6898 was the protection of landlords holding liens, under section 8814, *against unknown and unrecorded conditional sale contracts.*" (Italics supplied.)

The foregoing authorities are in line with the more recent decisions of Loveman, Joseph & Loeb v. Foster (Ala. Sup.) 150 So. 170;[2] LaRue v. Loveman, Joseph & Loeb, 220 Ala. 677, 127 So. 243, and Wells v. Wright, 219 Ala. 261, 122 So. 167.

It cannot be successfully contended that the section has been so enlarged as to strike down, so far as affects a landlord, the title of a mere bailor of property to a tenant. It follows that appellee has no lien superior to appellant's under section 6898 of the Code.

■■ The burden of proof in this case was upon the plaintiff. Mathis v. Thurman, 143 Ala. 558, 39 So. 360. We have indicated that plaintiff failed to support his asserted superior right. The record shows that the property had not been in defendant's possession as purchaser, or under lease sale contract; and that it had not become subject to the recording statutes.

The trial was had by the court without a jury, and the judgment rendered was not in accord with the foregoing views. Judgment is here rendered for claimant.

Reversed and rendered.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

